WILLIAM BERGAN *et al.*

*v.*

PATRICK CAHILL *et al.*

1. WILL—*construction—whether an estate in fee or for life.* A will pro vided as follows: "First, I give, devise and bequeath to my beloved wife, Johannah Morris, all my real estate and personal property; also one cow. All, without reserve, I give unto my beloved wife.

"N. B. In case my wife is not supported by her children, so as it may be necessary for her bodily comfort, I give her power to sell and dispose of any or either of the two lots which I now possess and own in Underhill's addition to the city of Peoria. Also, I hereby declare it my wish that after my wife's decease, whatever property, real or personal, of which she may be possessed, or which she may own at the time of her decease, shall be devised and bequeathed to my faithful son, Martin, providing that he pays over unto my daughter, Julia, one hundred dollars, or an equivalent:" *Held;*

the intention of the testator was to give to the widow a life estate only, and upon her death the fee to the son, subject to the legacy to the daughter.

2.  The gift of an estate of inheritance in lands may be restricted by subsequent words.  So while the first clause of the will, unrestricted by other words, would give to the widow a fee simple estate, the subsequent words manifest a different intention and are equivalent to a devise of the property to the son, after the death of the wife.

3.  A will should not be rendered void by mere repugnance, but effect should be given to its several parts so as to render no component part inoperative.  The intention must be gathered from the entire instrument.

APPEAL from the Circuit Court of Peoria County; the Hon. SABIN D. PUTERBAUGH, Judge, presiding.

This was a proceeding for the partition of two certain lots of ground, brought by the heirs of Martin Morris, deceased, against William Bergan and others.   Bergan resists the partition, claiming entire ownership of the lots in question, by virtue of a conveyance from Martin Morris, Jr., who, it is claimed, received the property in fee under the will of his father, upon the termination of a life estate in his mother.   The circuit court decreed for the sale of the property and for the distribution of the proceeds as prayed by the bill, and Bergan appeals.   The question arises upon the construction of the will of Martin Morris, deceased.

Messrs. BRYAN & COCHRAN and Messrs. O'BRIEN & HARMON, for the appellants.

The whole of a will is to be construed together, irrespective of the form of particular expressions, in order to arrive at the intention of the testator.   " If a testator in one part of his will gives to a person an estate of inheritance in lands, and in subsequent passages unequivocally shows that he means the devisee to take a life interest only, the prior gift is restricted accordingly." 1 Jarman on Wills, 412 ; *Siegwald* v. *Siegwald,* 37 Ill. 435 ; *Smith* v. *Bell,* 6 Peters, 72 ; *Boyd* v. *Strahan,* 36 Ill. 361 ; Redfield on Wills, part 1, p. 174–5.

Mr. THOMAS CRATTY, for the appellees.

The will in this case provides:

1. " I give, devise and bequeath to my beloved wife, Johannah Morris, all my real estate and personal property ; also one cow. All, without reserve, I give unto my beloved wife.

2. " In case my wife is not supported by her children, so as it may be necessary for her bodily comfort, I give her power to sell and dispose of any or either of the two lots which I now possess and own, etc., (which are the two lots in controversy.)

3. " Also, I hereby declare it my wish, that after my wife's decease, whatever property, real or personal, of which she may be possessed, or which she may own at the time of her decease, shall be devised and bequeathed to my faithful son Martin," etc.

Now, when we consider the first and second clauses above quoted, and apply the doctrine announced in *Siegwald* v. *Siegwald*, 37 Ill. 436–7, and cases there cited, it will be impossible to make the third clause operate as a limitation, as contended for by appellants. And it makes no difference that the contingency mentioned in the second clause did not arise, or that she did not sell the lots during her lifetime. Such a limitation is repugnant to the former provision—the " power to sell "—and therefore void. *Jackson* v. *DeLancy*, 13 Johns. 537 ; *Jackson* v. *Bull*, 10 Johns. 19 ; *Ide* v. *Ide*, 5 Mass. 500 ; *Siegwald* v. *Siegwald*, 37 Ill. 430–1.

Mr. JUSTICE THORNTON delivered the opinion of the Court :

Martin Morris died, leaving a will containing the following disposition of his property :

" First—My will is that all my just debts and funeral expenses shall, by my executors hereafter named, be paid out of my estate as soon after my decease as shall by them be found convenient. First, I give, devise and bequeath to my beloved wife, Johanna Morris, all my real estate and personal property ; also one cow. All, without reserve, I give unto my beloved wife.

"N. B.   In case my wife is not supported by her children, so as it may be necessary for her bodily comfort, I give her power to sell and dispose of any or either of the two lots which I now possess and own in Underhill's Addition to the City of Peoria. Also, I hereby declare it my wish that after my wife's decease, whatever property, real or personal, of which she may be possessed, or which she may own at the time of her decease, shall be devised and bequeathed to my faithful son, Martin, providing that he pays over unto my daughter, Julia, one hundred dollars or an equivalent."

The will was duly proved, and after the death of the widow, Martin Morris, the son mentioned therein, conveyed the lots to appellant, William Bergan.

The widow, not having exercised the power to sell, died intestate, and this controversy arises between Bergan, the grantee of Martin, and the remaining heirs of the testator, as to the true construction of the will.

The first clause in the will clearly indicates the intention of the testator to devise all his property to his wife. In the last clause the power to sell, upon a contingency, and the declaration of a wish, that his "faithful son, Martin," should have whatever property the wife might die possessed of, cast some doubt upon the intention. There is some apparent contradiction. A will, however, should not be rendered void by mere repugnancy. We must gather the intention from the entire instrument. Sometimes a clause, posterior in position, will denote a subsequent intention. The gift of an estate of inheritance in lands may be restricted by subsequent words.

It may be regarded as a judicial maxim, that effect should be given to the several parts of a will, so as to render no component part inoperative. If the will be so construed as to have vested in the wife a fee simple, absolute, then the language as to the son is meaningless and inoperative. The intention of the testator must govern, and that must be ascertained, if possible, from the language of the instrument. If the intention

164      BERGAN *et al. v.* CAHILL *et al.*     [Sept. T.,

Opinion of the Court.

was to give to the wife a fee simple estate, this was fully accomplished by the first clause, untrammeled by the subsequent provision.

The first clause made the estate certain and vested. The latter manifested another and different intention. The one is qualified by the other. The one is limited by the other so as to determine the character of the disposition intended. If the construction claimed by appellees is the true one,—that the whole property became vested in the widow, as a fee simple estate, then the declaration of the testator, as to his son, is of no force. The last clause in the will certainly created a different estate from that which had been created by the first part. If this be not true, why should any wish have been expressed as to the son? The language includes more than the mere expression of a hope or a recommendation. It is equivalent to a devise of the property to the son, after the death of the wife.

This will was inartificially and bunglingly written. But courts always look with indulgence upon the ignorance and unskillfulness of testators, and the son should not be disinherited, unless by express words or necessary implication. In this case we must suppose the testator intended to make provision for his son, as well as his wife. We must construe the subsequent words as restraining and limiting those which preceded.

We are of opinion that the intention was to give the widow a life estate, and upon her death, the fee to the son, subject to the legacy to Julia. The appellant, William Bergan, is, then, entitled to the property, as the grantee of Martin Morris, Jr.

The decree is reversed and bill dismissed.

*Decree reversed.*

SCOTT, J : I cannot concur in the construction given to the will in this case.