## MARIAN A. JOHNSON *et al.*

*v.*

## EGBERT JOHNSON *et al.*

*Filed at Ottawa May 14, 1881.*

1. WILLS—*rule of construction.* It is a rule of construction of a will, or other instrument of writing, that where there is uncertainty and doubt, all its parts should be considered together, and if possible give effect to every clause and provision according to the intention of the maker.

2. SAME—*whether the fee, or only a life estate, passes.* In giving a construction to a will, it has been held that a devise of the fee in lands may be restricted by subsequent words in the will, and changed to an estate for life.

3. SAME—*in the particular case.* In this case, the will, after making certain specific devises and bequests to the two daughters of the testatrix, provided as follows: "4th. I give and bequeath to my above named daughters an undivided third of ten acres of land, situated in the south-east quarter of section 4, town of Lake, county of Cook, State of Illinois, to be divided equally. In case of the death of either of the above daughters without issue, the share of the deceased shall revert to the remaining daughter. If either die leaving children, deceased's share shall be divided equally between her offspring. In consideration of the above bequests, which shall be shared equally between my above named daughters, if their father, Charles E. Peck, shall become destitute, they shall provide him with the actual needs of life." It was *held*, the daughters did not take the fee in the undivided one-third of the ten acres of land described, but only a life estate.

4. SAME—*as to a personal charge upon the devisee, as operating to enlarge the estate.* Nor would the personal charge upon the devisees for the support of their father, indicate an intention on the part of the testatrix to pass the fee. Where the terms of the will are plain, as to the character of estate it is intended shall pass, as in this case, a charge imposed upon the devisee, however great, will not operate to change the construction to be given to the will.

5. The rule which would give the imposition of a charge upon the devisee an operation to enlarge the estate devised, or to authorize a construction of the will such as would pass the larger estate instead of the smaller, is confined to indefinite devises; for where the direction to pay is imposed on a person to whom there is given an express estate for life, whether limited in express terms, or arising constructively by implication from words introducing the devise over, the charge is inoperative to enlarge such estate for life to a fee simple.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. WILLIAM H. BARNUM, Judge, presiding.

This was a suit in chancery, instituted in the court below, by Marian A. Johnson, Helen M. Peck, Catharine R. Moody, Orrin C. Moody, John T. Russ and Lucy T. Russ, against Egbert Johnson and Albert P. Johnson. The purpose of the bill was to obtain a partition of certain real estate of which it is alleged the parties were tenants in common.

The only question presented is as to the construction of the will of Sarah M. Peck, deceased. The will bears date April 4, 1875. The portions of the will necessary to be presented to an understanding of the question involved, are as follows:

1st. Directs funeral expenses paid.

2d. Gives to her two daughters, Marian A. Johnson and Helen M. Peck, "my brick house and two lots, situated, etc., in Denver, * * * for their use and benefit, or the same may be sold, and the proceeds invested in other houses and lots, or in bonds and mortgages, if it will better serve their interests. In case one of my said daughters should die without issue, the share of the deceased daughter shall revert to the surviving daughter. If either or both of my above named

daughters should die leaving children, the deceased's share shall be equally divided between the offspring of deceased."

3d. "I give and bequeath to my said daughters $6000, each, invested in notes and mortgages, the interest only to be appropriated, unless in an emergency, as suffering for the comforts of life, when a sufficient amount may be used to relieve their wants. In case one of my above named daughters die without issue, the portion of the deceased daughter shall revert to the surviving daughter. If either or both should demise leaving issue, her portion shall be equally divided between the offspring of deceased."

4th. "I give and bequeath to my above named daughters an undivided third of ten acres of land, situated in the southeast quarter of section 4, town of Lake, county of Cook, State of Illinois, to be divided equally. In case of the death of either of the above daughters without issue, the share of the deceased shall revert to the remaining daughter. If either die leaving children, deceased's share shall be divided equally between her offspring. In consideration of the above bequests, which shall be shared equally between my above named daughters, if their father, Charles E. Peck, shall become destitute, they shall provide him with the actual needs of life."

5th. Gives $500 to each of three relations named, and then provides: "If any funds remain after the above legacies are paid, I wish Maria R. Baker (if unmarried) to receive $200, * * * and Mrs. Julia Peck, of Morrisville, Vt., to be paid $200; * * * if not that sum remains, I desire it paid from the income of my daughters, as soon as convenient after my decease. * * * At the demise of both my daughters, if without issue, whatever remains of the inheritance above given to them, I wish my sister, Catharine R. Moody, to receive $1000, * * * Angeline Lewis $500, * * * $1000 to the Old Ladies' (or People's) Home, Chicago, Ill., and the remainder in the most worthy charities, as my sister, C. R. Moody, shall direct. If my above named

daughters die leaving offspring, all that remains of the portion bequeathed to them shall be equally divided between them."

At her death, said Sarah M. Peck left said Marian A. and Helen M., her only children. Marian was at the date of the will, and still is, the wife of said defendant Egbert Johnson. To them a child, said Albert P. Johnson, the other defendant, was born, in December, 1878.

The question of construction arises under the fourth item in the will,—whether the daughters of the testatrix, Marian A. Johnson and Helen M. Peck, took the fee, or only a life estate in the land therein described. The court below decided that they took only a life estate. They thereupon sued out this writ of error.

Messrs. PAGE & PLUM, for the plaintiffs in error:

The only question presented is, do the plaintiffs in error take, under the will, a fee, or only a life interest in the undivided one-third of the ten acres.

The intention of the testator is, of course, the object to be sought, and in attaining which are to be considered the particular clause supposed to confer the right, such clause in connection with other portions of the instrument, the character and situation of the properties devised, and the relations of the testator thereto, and to the parties interested.

The controlling feature, as we deem it, corroborated, indeed, by other portions of the will, is the personal charge upon the devisees, in respect of this property, for the contingent support of their father.

So ancient and uniform is the rule that such charge carries the fee, that it seems necessary only to refer to the ordinary text books: 4 Kent's Com. * 540; 3 Wash. Real Prop. * 694; 2 Jarman on Wills, 248; *Abrams* v. *Winshup*, 3 Russ. 350; *Doe* v. *Phillips*, 3 Barn. & Adol. 753; *Frogmorton* v. *Holyday*, 2 Burr. 1618; *Goodtitle* v. *Maddern*, East, 496; *Jackson* v. *Merrill*, 10 Johns. 191.

How far it is a matter of public policy that real estate should not be tied up, and how strongly courts lean to give the inheritance to the first donee, see *Leiter* v. *Shephard*, 85 Ill. 242; *Sherman* v. *Wooster*, 26 Ia. 272; 1 Redfield on Wills, 421, and note 1.

Mr. H. F. VALLETTE, for the defendants in error:

It is claimed by plaintiffs in error, first, that by the terms or language of this clause of said will, the daughters, upon the death of the testatrix, *eo instanti* took the fee of the premises mentioned therein; second, that the imposition of a burden upon the daughters in consideration of the bequests mentioned in said clause, furnishes evidence of the intention of the testatrix to give the daughters more than a mere life estate. To these propositions I reply:

1. That as the testatrix in this clause of the will not only made the devise to the daughters, but provided for disposition of the property in case of the death of one of them, and without limiting the time when such death should occur to her own lifetime, it seems clear that the intention of the testatrix was to give only a life estate to those daughters. Would any other construction be consistent with all the language employed?

The weight of authority favors this construction. *Blair* v. *Van Blarcum*, 71 Ill. 290; *Jackson* v. *Chew*, 12 Wheat. 153; *Anderson* v. *Jackson*, 16 Johns. R. 382.

2. That the imposition of a burden upon a devisee does not of itself create a fee, is a self-evident proposition. It seems equally clear, that a burden may be imposed, if testator so wills it, as well upon a life estate as upon a fee. Where, by the express terms of a will, a life estate is devised, no amount of burden imposed upon the devisee could possibly change the construction of such a will.

If, then, only a life estate was created by the first part of clause 4, the provision of that clause, that " in consideration of the above bequests, which shall be shared equally between

my above named daughters, if their father, Charles E. Peck, shall become destitute, they will provide him with the actual needs of life," can in no manner be evidence of an intention other than that designated in the former part of said clause.

3. The situation or condition of the property devised can not furnish any evidence of the intention of the testatrix as to the extent of the estate devised to her daughters. The testatrix might reasonably have supposed that this property, situated in the vicinity of Chicago, could be so used, managed or rented, as to furnish an income to the daughters, and from which support could be afforded to their father.

4. It is only in case of doubt about the construction of a will, as to whether it gives a life estate or a fee, that a construction can be placed upon it (if consistent with the balance of the will) which will give the donee or devisee a fee rather than a less estate. But in this case no doubt remains.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

The only question presented by this record is, whether, under the fourth clause of the will of Sarah M. Peck, deceased, her daughters, Marian A. Johnson and Helen M. Peck, took a life estate or the fee in and to the land therein described. The provision of the will in question is as follows:

4th.  "I give and bequeath to my above named daughters an undivided third of ten acres of land, situated in the south-east quarter of section 4, town of Lake, county of Cook, State of Illinois, to be divided equally. In case of the death of either of the above daughters without issue, the share of the deceased shall revert to the remaining daughter. If either die leaving children, deceased's share shall be divided equally between her offspring. In consideration of the above bequests, which shall be shared equally between my above named daughters, if their father, Charles E. Peck, shall

become destitute, they shall provide him with the actual needs of life."

In making the will, if the testator had stopped at the first concluding clause with the word "equally," then it is clear the two daughters would have taken the fee in the property devised; but the testator, for some reason, saw proper not to do so, but added another provision, which materially changes and limits the clause first written. If, in placing a construction on the will, the latter clause could be rejected, then there would be no difficulty in holding that the fee passed to the two daughters; but we are aware of no authority which would sanction a construction of that character. One of the familiar rules of construction of a will, or other instrument of writing, is, where there is uncertainty and doubt, all of its parts should be considered together, and, if possible, give every clause and provision effect according to the intention of the maker. *Brownfield* v. *Wilson*, 78 Ill. 467.

If, in this case, full force and effect are given to each clause of the will, what estate in the land devised did the testator intend to give to the two daughters? Was it an estate in fee, or for life only? If the language used in the last clause is to be considered and given force and effect, which we are bound to do, it seems plain that the daughters took only a life estate in the property.

In *Bergan* v. *Cahill*, 55 Ill. 160, it was expressly held that a devise of the fee may be restricted by subsequent words in the will, and changed to an estate for life. Here, the testatrix, after devising the property to her two daughters, declares that if either die leaving children, the share of the daughter so dying shall descend to her offspring, and be divided equally between them. This is a plain and unambiguous declaration, and means, in as plain terms as the English language could well express it, that the daughters are to hold this land for life, and upon their death it shall descend to their children, who shall take the fee.

It is, however, urged, that the personal charge upon the daughters in respect of the property, for the support of the father, is conclusive evidence of the intention of the testatrix to pass the fee. We perceive no reason why a charge may not be placed upon the devisee of property devised for life as well as property devised in fee, and we are well satisfied that where, by the terms of a will, it clearly appeared that the testator devised a life estate, a charge imposed upon the devisee, however great, in consideration of the bequest, could not change the construction of the will. If the devise was indefinite, a different rule would prevail.

The doctrine on this question is clearly stated in Jarman on Wills, vol. 2, page 126, as follows: " The rule under consideration, however, is confined to indefinite devises; for where the direction to pay is imposed on a person to whom there is given an express estate for life, or an estate tail, (whether limited in express terms, or arising constructively by implication from words introducing the devise over,) the charge is inoperative to enlarge such estate for life or estate tail to a fee simple." See, also, *Goodtitle* v. *Edmunds,* 7 Durn. & E. 635; *Willis* v. *Lucas,* 1 P. W. 474; *Denn* v. *Slater,* 5 Durn. & E. 335; *Doe* v. *Owens,* 1 Barn. & Adol. 318.

There is nothing indefinite in regard to the devise in this case, but, on the contrary, it is clear and definite. The terms of the will are so plain, that there is no room for doubt in regard to the intent of the testator.

We are of opinion that the decision rendered in this case, that the daughters took only a life estate, was correct, and it will be affirmed.

*Decree affirmed.*