## Amanda M. Randolph et al. v. Brooks R. Hamilton et al.

1. WILLS—*Construction of Repugnancy Clauses.*—A will should not be rendered void by repugnancy. The intention must be gathered from the entire instrument. Sometimes a clause posterior in position will denote a subsequent intention.

2. SAME—*Gifts Restricted by Subsequent Words.*—The gifts of an estate of inheritance in lands may be restricted by subsequent words.

3. SAME—*Intention of the Testator.*—The intention of the testator must govern, and that must be ascertained, if possible, from the language of the whole instrument.

**Bill to Construe a Will.**—Trial in the Circuit Court of Hancock County; the Hon. JOHN A. GRAY, Judge, presiding. Bill dismissed for want of equity; appeal by complainants. Heard in this court at the May term, 1899. Reversed and remanded. Opinion filed September 20, 1899.

JAMES C. DAVIS, A. HOLLINGSWORTH, and SCOFIELD, O'HARRA & SCOFIELD, attorneys for appellants.

It is the well-settled law of this State that a life estate in personal property may be given to one person, with remainder in the same personal property to another. Boyd v. Strahan, 36 Ill. 355; Burnett v. Lester, 53 Ill. 325; Hetfield v. Fowler, 60 Ill. 45; Trogdon v. Murphy, 85 Ill. 119; Walker v. Pritchard, 121 Ill. 221; Glover v. Condell, 163 Ill. 566.

Subject to a few exceptions, the principle is firmly estab-

lished that a will shall be so construed as to effectuate the intention of the testator as far as possible; and in cases of doubt, the scope of the instrument should be considered and its various provisions compared one with another in ascertaining such intention. The general rule is, that whenever it can possibly be done a will should be so construed as to give effect and operation to every word and provision in it. To this fundamental rule of construction all others, with but few exceptions, must be subordinated. Bergan v. Cahill, 55 Ill. 160; Brownfield v. Wilson, 78 Ill. 467; Rountree v. Talbot, 89 Ill. 246; Welsch v. The Belleville Savings Bank, 94 Ill. 191; Hamlin v. The United States Express Co., 107 Ill. 443; Healy v. Eastlake, 152 Ill. 424.

A later clause of a will, when inconsistent with a former provision, will be considered as intended to modify, limit or abrogate the former. Only as a last resort will a court hold conflicting provisions of a will irreconcilably repugnant. Healy v. Eastlake, 152 Ill. 424.

JOHN B. RISSE & SON and G. EDMUNDS, attorneys for appellees.

If there be a clear gift, it is not to be cut down by anything subsequent which does not, with reasonable certainty, indicate the intention of the testator to cut it down; but the maxim can not mean that you are to institute a comparison between the two clauses as to lucidity. Lord Campbell in Randfield v. Randfield, 8 House of Lords Cases, 235; Am. and Eng. Ency. of Law, Vol. 29, page 369; Freeman v. Coit et al., 96 N. Y. 63; Thornhill v. Hale, 2 Cl. & F. 22; Roseboom v. Roseboom, 81 N. Y. 356.

A limitation over of real or personal property after an absolute gift to the first taker is repugnant to the first gift, and therefore void. 2 Jarman on Wills (5 Am. Ed.), 529, note 19; Fairman v. Beale, 14 Ill. 244; Wilson v. Turner, 164 Id. 398; 2 Williams on Ex'rs (6 Am. Ed.), 1376 and cases cited; 2 Redfield on Wills (Ed. 1886), Chap. 14, Sec. 65, 1 Id. 680; Wolfer v. Hemmer, 144 Ill. 554; Hamlin v. Express Co., 107 Id. 443; Waldo v. Cummings, 45 Id. 421; Mills v. New-

berry, 112 Id. 139; Jones v. Port Huron Thresher Co., 171 Id. 507; 2 Redfield on Wills, 205; 2 Woerner on Administration, 954; Barkdale v. White, 28 Gratt. 224; Thornhill v. Hall, 2 C. & F. 22; Collins v. Collins, 40 Ohio St. 353; 4 Kent Com. (11 Ed.) 270; 2 Washb. Real Prop. (5 Ed.) 782; 2 Jarman on Wills (5th Am. Ed.), 45, note 3; Baker et al. v. Scott et al., 62 Ill. 86; Brislain v. Wilson, 63 Id. 173; Wicker v. Ray, 118 Id. 472; Ryan v. Allen, 120 Id. 648; Fowler v. Black, 136 Id. 363.

The law of this State is (as to lands) that a devise is deemed a fee unless a less estate is limited. Rev. Stat., Chap. 30, 113; McConnel v. Smith, 23 Ill. 611; Leiter v. Sheppard, 85 Id. 242.

Mr. Presiding Justice Wright delivered the opinion of the court.

This was a bill in equity filed by appellants against appellees to construe the will of John Hobbs, deceased, and for an accounting of the remainder of his estate upon the expiration of the life estate therein of the widow, Rebecca S. Hobbs. A demurrer was interposed to the bill, which was sustained and the bill dismissed by the court for want of equity, from which decree the appellants prosecute this appeal.

This bill discloses that John Hobbs died testate January 5, 1871, residing in Hancock county, his first wife, by whom he had children, having died before him, and that he subsequently married Rebecca S. Hobbs, but no children survived of the latter marriage, the only child having died in infancy; that he left surviving him his wife Rebecca S. Hobbs and six children by his first wife, one of whom, Leonard A. Hobbs, subsequently died, leaving several children, all of whom are complainants in this bill. The will of John Hobbs, admitted to probate January, 1871, is as follows :

" Know all men by these presents, that I, John Hobbs, of Hancock county, Illinois, of sound mind, for the purpose of having my estate settled after my death, do by these presents make, ordain, publish and declare this to be my last will and testament, in manner and form following, to wit:

First.  I direct that all my just debts and funeral expenses be first paid.

Second.  I give, devise and bequeath unto my wife, Rebecca S., during her widowhood, our present homestead, being the southwest quarter of the southwest quarter of section thirty-one (31), in township No. 7, north of range No. 8, west of the fourth principal meridian in Illinois, and that part of lot No. 67, in block 2 of Kimball's addition to Nauvoo, to have, use and enjoy the rents and profits thereof so long as she shall remain widow.

Third.  I give and bequeath unto my said wife, Rebecca S., all my moneys, bonds, bills, rights, credits and choses in action; also all the household and kitchen furniture, the mare, buggy and harness, as her sole and separate property, she paying or furnishing to my son Milton sufficient to procure necessary household and kitchen furniture, bed and bedding when he gets married.

Fourth.  All other personal property not heretofore named shall be sold, and the proceeds shall be equally divided among my heirs.

Fifth.  I hereby direct the executors of this, my last will and testament, to sell my farm, known as the former Pope farm, and being the east half of the southwest quarter of section fourteen, in township seven north of range eight, of the fourth principal meridian in Illinois; also lots three, four and seven, in the subdivision of the east half of the northwest quarter of section fourteen, in township No. 7, north of range 8, west of the fourth principal meridian in Illinois, and out of the proceeds pay as follows:

To my son Milton, the sum of three hundred dollars; to Carry and Anna, children of H. K. and Amanda Randolph, each the sum of three hundred dollars, and the remainder to be equally divided (between) my son John W., my daughter Ethelinda, now wife of Simon Larrison, and my daughter Maria Louisa, now wife of James La Croix, each to receive share and share alike, and (in) case of death of any or either of them, then the share of the parent shall go. to the heirs of said deceased parents.  My son Lenord is not to share in the proceeds of said land.

Sixth.  I hereby direct that my wife Rebecca S. and my son Milton, so long as they occupy their respective premises, viz.:  My wife the homestead and Milton the place formerly known as the Cogswell premises, and deeded to him by myself and wife by deed of date of November 6, 1869, shall have the necessary firewood from my timber lot in Ap-

pancocoe township, being the same lot I purchased from John H. Lienhard, of Nauvoo, Illinois.

Seventh. After the death of my wife, or in case of her getting married again, I hereby direct that my homestead and the timber lot be sold, and the proceeds thereof shall be divided equally between my children, or their heirs; in case of the death of either of my children the heirs to receive the parent's part equally divided among them, and all the personal estate left after the death of my wife, Rebecca S., shall be divided in the same manner.

Eighth. I hereby appoint my said wife and my son John W. executors of this my last will and testament, and hereby direct that they shall not be required to give bonds before entering upon the discharge of their duties as such executors, and hereby revoking and annulling all former wills and codicils by me made."

The relations of Rebecca S. Hobbs and the children of John Hobbs were of the most affectionate character, and she made no will in their behalf, because she understood the property was left to them by her husband after her death, her own relatives living distant from her, with whom herself and husband had no communication or association during their marriage, nor she since the death of John Hobbs. At the time of his death John Hobbs owned in fee various tracts of land, and was possessed of a large amount of personal property, consisting of bonds, notes, bills and other choses in action, household effects, money, and the like, amounting to $6,800, which was used under the terms of the will by Rebecca S. Hobbs until the time of her death, March 8, 1897. That much of the principal of such personal property remained intact at the death of Mrs. Hobbs, she having used or consumed only the income thereof, and having treated it as a life interest only. The appellee Brooks R. Hamilton was appointed and qualified as administrator of the estate of Rebecca S. Hobbs, who claims the estate was the absolute property of Rebecca S. Hobbs, and insists upon the right to administer upon it as such.

The chief contention of appellees, and this forms the question for decision, is that the third clause of the will above quoted bequeaths the property absolutely to Rebecca S. Hobbs, and that the subsequent seventh clause of the will

cuts it down and takes it away, and is therefore repugnant and void under the decision in Wilson v. Turner, 164 Ill. 398, and other like cases. We are not, however, of the opinion that the provisions of the will in this case fall within the reasons and principles of those cases, but that they are to be controlled and given effect in accordance with the law, as contained in Bergan v. Cahill, 55 Ill. 160, and Glover v. Condell, 163 Ill. 566, which were by the court distinguished from the case of Wilson v. Turner, in that there was power of disposition, and express language referring to the property as having been given to the wife absolutely in the latter case, while none existed in the two cases distinguished therefrom.

In the case presented the third clause of the will, unconnected with the second, preceding it, and the seventh, which follows it, clearly indicates an intention of the testator to bequeath the property therein mentioned to his wife. This also was said of the will in Bergan v. Cahill, *supra*, where the court, continuing, said : " In the last clause the power to sell, upon a contingency, and the declaration of a wish that his 'faithful son Martin' should have whatever property the wife might die possessed of, cast some doubt upon the intention. There is some apparent contradiction. A will should not, however, be rendered void by repugnancy. We must gather the intention from the entire instrument. Sometimes a clause posterior in position will denote a subsequent intention. The gift of an estate of inheritance in lands may be restricted by subsequent words.

It may be regarded as a judicial maxim that effect should be given to the several parts of a will, so as to render no component part inoperative. If the will be so construed as to have vested in the wife a fee simple absolute, then the language as to the son is meaningless and inoperative. The intention of the testator must govern, and that must be ascertained, if possible, from the language of the instrument. If the intention was to give the wife a fee simple estate, this was fully accomplished by the first clause, untrammeled by the subsequent provision.

Randolph v. Hamilton.

The first clause made the estate certain and vested.  The latter manifested another and different intention.  The one is qualified by the other.  The one is limited by the other so as to determine the character of the disposition intended.  If the construction claimed by the appellee is the true one, that the whole property became vested in the widow as a fee simple estate, then the declaration of the testator as to · his son, is of no force.  The last clause in the will certainly created a different estate from that which has been created by the first part.  If this be not true why should any wish have been expressed as to the son?  The language includes more than the mere expression of a hope or a recommendation.  It is equivalent to a devise of the property to the son after the death of the wife.

This will was inartificially and bunglingly written.  But courts always look with indulgence upon the ignorance and unskillfulness of testators, and the son should not be disinherited, unless by express words or necessary implication.  In this case we must suppose the testator intended to make provisions for his son as well as his wife.  We must construe the subsequent words as restraining and limiting those which preceded.

The opinion from which we have quoted aptly applies to the will in question.  If the second, third and seventh clauses of the will are read together as one, and being strictly *in pari materia*, we think they should be, there is no longer any doubt as to the intention of the testator in respect to his disposition of the personal property, it was to be the wife's during widowhood or until death, after which all that was left after her death was to be equally divided between the children of the testator or their heirs.  Any other construction would violate the judicial maxim that effect should be given to the several parts of the will, so as to render no component part inoperative.  If the will be so construed as to give the wife an absolute estate in the personal property, with power of disposition, then the language in the seventh clause as to dividing all that might be left of it between his children and their heirs is meaningless and inoperative, and thereby violates the maxim alluded to.

We are of the opinion that the intention was to give the widow a life estate, and upon her death whatever remained of the personal estate was to be divided as in the will provided. The decree of the Circuit Court will be reversed, and the cause remanded to that court with directions to overrule the demurrer to the bill. Decree reversed and remanded.