(No. 10144.—Decree affirmed.)

CARRIE R. HEMPSTEAD, Exrx., *et al. vs.* CARRIE R. HEMP-STEAD *et al.* Defendants in Error.—(CHARLES MARKS BROAD, Plaintiff in Error.)

*Opinion filed October 21, 1918—Rehearing denied Dec. 4, 1918.*

1. WILLS—*policy of the law favors an estate in fee.* Where a testator by his will employs language sufficient to pass the fee simple title to land a fee simple title will pass unless there is some expression of a clear intention to cut down the fee to a life estate.

2. SAME—*fee will not be cut down by mere precatory language.* Where a testatrix in various clauses of the will has devised separate tracts of land to her four daughters by language sufficient to convey a fee and other parts of the will show that its plan was to give such daughters a fee, such fee will not be cut down by the language of a separate clause stating that it is the express desire of the testatrix that all the property devised shall go directly to the daughters and to the heirs of their bodies or direct descendants and to no one else.

3. SAME—*what indicates intention to devise a fee.* The fact that both real estate and personal property are included in a devise by language sufficient to convey a fee indicates that it was the intention of the testatrix not to cut down such fee by language expressing the wish that the property should go directly to the devisees and to the heirs of their bodies, as an estate tail cannot be created in personal property.

CARTWRIGHT and DUNN, JJ., dissenting.

WRIT OF ERROR to the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding.

C. P. GARDNER, for plaintiff in error.

J. M. RIGGS, NELS F. ANDERSON, and ROBERT C. MORSE, for defendants in error.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

Mary E. McIntire died testate on March 1, 1908, leaving her surviving four daughters,—Carrie R. Hempstead, Emma Belle Higgins, Harriet M. Shields and Grace M. Demerath,—as her only heirs-at-law. Grace M. Demerath

died testate December 8, 1908, leaving her surviving Nicholas J. Demerath, her husband, and Charles Marks Broad, her son by a former marriage, as her only heir-at-law. Carrie R. Hempstead has no children or descendants of children living. Emma Belle Higgins has five children living,—Edgar Higgins, Gail Higgins, Mary McDowell, Isabelle Rockwell and Grace Higgins,—and has no living descendants of children. Harriet M. Shields has one child living,—Gail Shields,—but has no living descendants of children, and is now married to Charles Fahnestock. Charles Marks Broad, Gail Higgins, Grace Higgins and Gail Shields were minors at the time of the filing of the bill hereinafter mentioned. The will of Mary E. McIntire was admitted to probate in the probate court of LaSalle county March 13, 1908, and the executors therein named, Fred H. Haskell, Jr., and Carrie R. Hempstead, were duly qualified and entered upon the discharge of their duties as such. The material clauses of the will of the testatrix are in the following language, omitting the specific government and lot descriptions of the real estate devised:

"*First*—I give and bequeath to my daughter E. Belle Higgins the farm known as the Liscom farm, * * * but in consideration of the above bequest the said E. Belle Higgins to each of my three daughters hereinafter named shall pay the sum of $1250, to them or their descendants, if any there be, and said sum shall be a lien upon said farm until paid.

"*Second*—I give and bequeath to my daughter Grace M. Demerath a farm near Walnut, Bureau county, Illinois, * * * containing eighty acres; also a tract of land * * * containing thirteen acres and 72/100 acres; also * * * eighty acres, all of the tracts described in this article being * * * in Bureau county. I also give and bequeath to my said daughter Grace M. Demerath the sum of $7500, to be paid her in process of the settlement of my estate, but there shall be charged as advancement to my said daugh-

285 — 29

ter Grace the sum of $4000, to be charged against her and accounted for during the settlement of my said estate.

"*Third*—I give and bequeath to my daughter Harriet M. Shields the brick store and lot on the south side of Washington street, Mendota, Illinois; * * * also the strip of land two feet wide on the east side of [said] lot. * * * I also give and bequeath to my said daughter the brick building and lot on the south side of Railroad street, in Earlville. * * * I also give and bequeath to my said daughter the sum of $4500, to be paid her during the settlement of my said estate.

"*Fourth*—I give and bequeath to my daughter Carrie R. Hempstead the premises recently purchased by me * * * in Mendota. * * * I also give and bequeath to my said daughter Carrie R. Hempstead lots 10 and 12 * * * in Mendota. I also give and bequeath to my said daughter Carrie R. Hempstead the sum of $8000, to be paid her during the settlement of my estate.

"*Fifth*—If any of the tracts or parcels of real estate above described by me shall be by me sold or disposed of before my decease, the daughter to whom such tract or parcel is herein given shall be paid the value thereof in money, the consideration I may receive therefor fixing the amount so to be paid.

"*Sixth*—It is my intention and express desire that all property, of every kind and character, herein bequeathed shall go directly to each of my said daughters as described herein and to the heirs of their bodies or direct descendants and to no one else, and if either of my said daughters shall decease before inheriting under this will and leaving surviving no children or descendants of children, such share shall go to the survivors of the legatees herein.

"*Seventh*—All the rest, residue and remainder of my estate, of every kind and nature, I bequeath to my said daughters, share and share alike, to be equally divided between them, but if any of my said daughters shall pre-decease me,

leaving no children nor descendants of children, the survivors of said daughters shall inherit equally.

"*Eighth*—I hereby nominate and appoint Fred H. Haskell, Jr., and my daughter Carrie R. Hempstead, or their survivors, to be executor or executrix of this my last will and testament, giving them full and express power and authority to execute conveyances of all real estate of which I may die possessed germain to the settlement of my estate, and to sell the same and execute full conveyances therefor where it shall appear to be for the best interest of my estate; and I further expressly and specifically direct them, or the survivors of them, or whichever may be my executor or executrix at the time, to execute conveyances to the legatees herein named of the real estate of each and all tracts according to the terms of this will, intending the same to go upon record and complete the chain of title in each respective heir without delay.

"*Ninth*—I hereby earnestly and solemnly charge upon my daughters who shall inherit under this will that they keep such inheritance separate and apart from the property or business of their husband or children and that they avoid business complications, using the income and profits for the best interests of their respective families. I furthermore request and enjoin upon them that they will amicably divide my estate according to the intention expressed in this instrument with as little expense as possible, and to that end direct that this will need not be probated further than necessary to enforce its provisions not otherwise executed by the parties interested."

The will of Grace M. Demerath was admitted to probate in the county court of Henry county, Illinois, and by her will she bequeathed a money legacy to her son, Charles Marks Broad, and the balance of her estate she devised and bequeathed to Nicholas J. Demerath.

The executor and the executrix named in the will of Mary E. McIntire filed a bill in the circuit court of LaSalle

county to construe and interpret the will of said testatrix, alleging the foregoing facts and specifically praying that the court determine whether or not under the will the four daughters, at the death of the testatrix, took a fee simple title to the property devised and bequeathed to them or only a life estate. The three living daughters of the testatrix and their husbands, and the children of the three daughters, and the husbands of such of them as were married, and Charles Marks Broad and Nicholas J. Demerath, were made parties defendant to the bill. All of said minors answered the bill by their guardians *ad litem,* and replications were filed to said answers. All the other defendants, being adults, failed to answer the bill as ruled by the court and were defaulted. On final hearing the court found and decreed that the four daughters of Mary E. McIntire at her death became invested with the fee simple title to the real estate devised to them by the testatrix and the absolute owners of the personal property.

After the entry of the final decree, and before the suing out of this writ of error, Nicholas J. Demerath, a defendant to said bill, died leaving a last will and testament, which was duly admitted to probate in the county court of Henry county. He left surviving him his widow, Gertrude D. Demerath, and LeRoy and Nicholas J. Demerath, as his children and only heirs-at-law. By his will he made certain bequests to his father and mother, Peter and Catherine Demerath; and to his sisters, Anna, Margaret, Gertrude, Mary and Lena, and his brother, Peter J., he also made certain bequests. His devisees, heirs and executrix were made co-plaintiffs in error in this proceeding. A decree of severance has been entered by this court, and Charles Marks Broad has assigned errors as the only plaintiff in error.

Plaintiff in error's contention here is that under the McIntire will Grace M. Demerath was given a life estate in the land devised to her and that the remainder in fee therein was given to plaintiff in error. Defendants in error con-

tend that all four of the daughters of Mary E. McIntire became invested with the fee simple title to the lands devised to them upon her death, and that the fee simple title to the lands devised to Grace M. Demerath passed by her will to Nicholas J. Demerath, her husband, now deceased, and at his death to his heirs and devisees.

There are no words necessary, under the common law, to transfer a fee, used in any one of the first four clauses of the testatrix's will. However, the language in all those four clauses is sufficient, under section 13 of our statute on conveyances, to devise a fee simple title to the land when considered alone. So, also, the language of the seventh clause would be sufficient to devise a fee simple title absolute to the remainder of the real estate but for the last part thereof. The condition mentioned in the last part of clause 7, and which is, in substance, repeated in the last part of clause 6, that will prevent the vesting of a fee simple estate in the four daughters, did not happen to any one of them,—*i. e.*, that any one or more of them should die before the testatrix, leaving no children or descendants of children. Therefore the four daughters of the testatrix took the sole and absolute title to all the property, both real and personal, of which she died seized or possessed, by virtue of the first four clauses and the seventh clause of the will, under section 13 of the Conveyance act, as the testatrix left surviving her all of her four daughters, unless, as provided by said section, a less estate is limited in other clauses of the will by express words or unless it appears by the clauses of the will that the testatrix has devised a less estate by construction or operation of law.

There is no clause in the will that contains any expression of the testatrix inconsistent with the idea that at her death the fee simple title to the lands vested in her four daughters according to the provisions of the first four and the seventh clauses of the will, except the language used in the first part of clause 6 of the will. The remaining

parts of the will positively indicate an express intention of the testatrix that her four daughters, provided they were living at her death, should have the absolute and sole title and ownership of all the property of which the testatrix died seized or possessed, including the real estate. This is clearly indicated by the fifth clause of the will, which provides, in substance, that if any of the lands specifically devised to her daughters should be disposed of by the testatrix, by sale or otherwise, before her death, the devisee or devisees whose lands so devised to her or them have been sold or disposed of shall be paid in money a sum equal to the consideration received by the testatrix for said lands. Such intent is further indicated by the fact that both real estate and personalty are devised by the testatrix and bequeathed to her daughters in the same general language and in the same clauses. No estates tail can be created in personal property. The testatrix must therefore be held to have intended to bequeath her personal property absolutely to her daughters, in the absence of other expressed intentions. The fact that she included real estate in the same clause, and even in the same sentence, must be taken as an indication of an intent by her to devise an absolute title to her realty to her daughters. (*Webbe* v. *Webbe,* 234 Ill. 442.) The executors of the will are authorized not only to execute conveyances to the real estate "germain to the settlement" of the estate, but are also authorized and empowered to sell the lands and execute full conveyances therefor, "where it shall appear to be for the best interest" of the testatrix's estate. In case such a sale should take place by the executors, it is clear from all the provisions of the will that the proceeds of the sale, after paying debts and expenses of the estate, are to be paid over to the daughters and which they would take as they take other personal property.

The testatrix made use of the words "inheriting," "inherit" and "inheritance" in referring to the property devised and bequeathed to her daughters,—one or the other of said

words,—in four different places in the sixth, seventh and ninth clauses of the will. By the ninth clause she clearly indicates that by the word "inheritance" she meant the fee of the lands as distinguished from a life use or enjoyment of the income and profits of the lands, and it is also clearly indicated in said clause that the four daughters were intended by her to have the fee simple title to said lands, with full power to divide up the same and vest the title in themselves in fee, in accordance with the provisions made in her will. In that clause she earnestly and solemnly charges her daughters "who shall inherit under this will that they keep such inheritance separate and apart from the property or business of their husband or children and that they avoid business complications, using the income and profits for the best interests of their respective families." This language of the testatrix clearly shows that by the word "inheritance" she meant the fee as distinguished from a life estate, and she advises and warns her daughters to keep the fee separate and apart from the property of their husbands or children. The daughters would be utterly powerless to comply with that warning and injunction if the fee title to the land by the will vested in the heirs of their bodies or in the issue and descendants of issue of their bodies. It is clear that the testatrix was not speaking of a mere life estate when she used the word "inheritance," because by that same clause the daughters are authorized and advised to use the "income and profits for the best interests of their respective families," which would be all that they could enjoy in a mere life estate in land. By her request and injunction in the ninth clause of the will, if the same are followed, the four daughters are expected to divide up the testatrix's estate with as little expense as possible, in accordance with the intention expressed in the will; and the request and injunction are followed by the suggestion that the will need not be probated if the daughters will make such division. From this language in the foregoing clause we must infer

that the testatrix intended to devise the fee title to the lands to her daughters and that it was her understanding that she had empowered them by the will to make such a division, and she therefore suggested that the will need not be probated unless necessary to carry out her intention.

There are other reasons appearing from the will for holding that the testatrix devised the fee simple title to the lands to her daughters. It clearly appears from a consideration of the entire will that she intended to devise the lands to her daughters and to vest in each one of them the same character of title. If any one of them is to take a fee simple title to her share then all the rest of them are to take the same title to their shares. By the first clause of the will her daughter E. Belle Higgins, in consideration of the devise to her of the Liscom farm, is required to pay each of the other three daughters or to their descendants the sum of $1250, and the same is made a lien upon "said farm until paid." The expressed intent is that said sum shall be a lien upon the farm, and by that expression the testatrix evidently meant that not only a life interest but the entire fee simple title should be subject to such lien. Furthermore, where there is a large charge imposed by the will upon a devisee or where a devise in a will is made subject to the payment of specified sums to other beneficiaries, such fact, while not conclusive, is necessarily strong evidence of an intent of the testator to pass by his will a fee to such devisee, as the devise might not otherwise prove a beneficial interest. Page on Wills, sec. 561; *Johnson* v. *Johnson,* 98 Ill. 564.

It is the policy of the law, as announced in section 13 of our Conveyance act and by many decisions of this court, that every estate shall be deemed to be an estate in fee unless a contrary intention is clearly expressed. Where a testator by his will employs language sufficient to pass the fee simple title to land, in the absence of the expression of a clear intention to cut down the fee to a life estate an estate

in fee simple will pass.  (*Bowen* v. *John*, 201 Ill. 292.)
The rule is, the intent of the testator, if clearly disclosed
by the will, must prevail even if some words must be re-
jected to give effect to such intention.  *Rose* v. *Hale*, 185
Ill. 378.

From the foregoing considerations our conclusion is that
the words used in the first part of clause 6 of the testatrix's
will are merely precatory and not dispositive.  While the
testatrix expressed her desire and intention that her lands
and personal property, of every kind and character, should
go directly to her daughters and to the heirs of their bodies,
yet at the same time she intended that her daughters should
have the fee simple title to said lands, with full power to
dispose of the same.  It must therefore be held that she
was trusting her daughters to carry out her suggestion by
providing in their wills that the lands should pass to the
heirs of their bodies.  As she gave them full power of dis-
position of the property and expressed the intention clearly
that she was devising to them the fee simple title to the
lands, we would go counter to such expressed intention to
hold that she intended to pass a mere life estate to her
daughters and the remainder in fee to the heirs of their
bodies.  The test whether or not words used in a devise are
dispositive or merely precatory is, does the testator mean
by such words to control the disposition of his property?
If so, it is his will no matter how mildly the wish is ex-
pressed.  But if he simply indicates by such words what he
regards as a wise disposition, leaving it to the discretion of
the person taking the legal title to the property to dispose
thereof, then it is not his will.  (Page on Wills, sec. 59.)

Our conclusion must therefore be, after considering the
entire will, that the decree of the circuit court was right
and that it should be affirmed.                 *Decree affirmed.*

CARTWRIGHT and DUNN, JJ., dissenting.