GREINER ET AL. *v.* HEINS ET AL.

[No. 10,835.   Filed May 12, 1921.]

1.   WILLS.—*Construction.*—*General Devise of Personalty.*—*Devise of Realty Coupled with Devise of Personalty.*—*Estates Created.*—Generally, a bequest of personal property in general terms is sufficient to give the legatee an absolute title, and where a general devise of real estate is coupled with a general bequest of personal property, such fact is sufficient to indicate an intention to devise the land in fee. p. 485.

2.   WILLS.—*Construction.*—*Estates Created.*—*General Devise.*— *Limitation.*—"*Wish and Will.*"—Under a will providing in item 2, "I bequeath to my son" a house and lot "together with all the money that I may have at my death, except that portion that will be otherwise provided for," followed by a bequest of certain stocks and household goods, and bequests of

certain sums of money, and in item 6 reading, "and it is my wish and will," that testatrix's son keep the property in good repair and insured, and rented out, and that at his death "I want the property to go to my niece," *held* that the son took the fee in the realty, and not a life estate; the exception in item 2 applying only to personal property, and item 6 expressing testatrix's "wish and will" that on her son's death "I want the property to go to my niece," not being in language as clear and distinct as that used in item 2, so as to cut down the estate devised to the son to a life estate, but being mere precatory expressions or recommendations.   pp. 485, 486.

3.  WILLS.—*Construction.—Devise in Fee.—Cutting Down by Subsequent Provisions.*—A devise in fee clearly and distinctly made, or necessarily implied, cannot be cut down or modified by subsequent provisions not as clearly and distinctly manifesting the testator's intentions to limit the devise.   p. 485.

From Jackson Circuit Court; *John H. Edwards,* Special Judge.

Action by Hannah Heins and another against Lulu Greiner and others, in which John Benjamin Heins and Frank Meeh, Jr., each filed cross-complaints. From a judgment for John Benjamin Heins on his cross-complaint, Lulu Greiner and others appeal. *Affirmed.*

*John M. Lewis* and *J. Ross Robertson,* for appellants.
*Seba A. Barnes* and *Thomas M. Honan,* for appellee.

McMAHAN, J.—Complaint by appellees Hannah Heins and Emma Zimmerman against their coappellees and appellants to quiet title to certain real estate. Appellees John Benjamin Heins and Frank Meeh, Jr., each filed separate cross-complaints, wherein they asked that their title to the same real estate be quieted in them. The court found the facts specially, and stated its conclusions of law against plaintiffs and cross-complainant Frank Meeh, Jr. and in favor of John Benjamin Heins on his cross-complaint. A decree having been rendered in accordance with the conclusions of law, appellants appeal.

The only question presented for our consideration is the correctness of the several conclusions of law, each of which calls for a construction of the last will of Catherine Meeh.

Items 2 and 6 of said will read as follows:

Item 2.   "I bequeath to my son, Frank Meeh, my house and lot situated at 410 West Fifth street in the city of Seymour, Indiana, together with all the money that I may have at my death, except that portion that will be otherwise provided for,"

And then follows a bequest of certain corporate stocks and household goods.

Items 4 and 5 made bequests of certain sums of money to Hannah and Ben Heins.

Item 6.   "And it is my wish and will, that Frank keep the property in good repair and keep it insured, and rent it out and at Frank's death I want the property to go to my niece, Lulu Greiner, now living in Chicago, Illinois.   And this bequest is made on the condition that Frank will continue to behave himself and stick to his pledge; should he fail to keep his pledge, then it is my wish that a guardian be provided by the court to take charge of his property and provide for his living out of it, and at his death, then see that my further wish is carried out."

Appellants are claiming title to the real estate under Item 6 of this will, while appellee John Benjamin Heins claims the property under the will of Frank Meeh.   If Lulu Greiner took any title under the will of Mrs. Meeh, this cause must be reversed, otherwise affirmed.

Appellants contend that the words "except that portion that will be otherwise provided for," in item 2, refer to the real estate as well as to the money, and when taken in connection with item 6, wherein she states it to be her "wish and will that Frank shall keep the property in good repair and keep it insured, and rent it out and at Frank's death I want it to go to my

niece, Lulu Greiner," clearly and distinctly indicates that it was the intention of the testator that Frank should take a life estate, and that the remainder should go to the appellant Lulu Greiner.

The general rule is that a bequest of personal property in general terms is sufficient to give the legatee an absolute title, and where a general devise of real estate is coupled with a general bequest of personal property, such fact is sufficient to indicate an intention to devise the land in fee. *Gibson* v. *Brown* (1915), 62 Ind. App. 460, 110 N. E. 716, 112 N. E. 894. By item 2 of her will Catherine Meeh devised to her son Frank the real estate in question, "together with all the money that I may have at my death, except that portion that will be otherwise provided for," stock in certain corporations and household goods. By item 4 she bequeathed one dollar to her daughter Hannah, and by item 5, $300 to her grandson Ben Heins. By these items all her money was disposed of. All of it was bequeathed to Frank, except "that portion" given to the daughter and grandson. The absolute title to the money vested in Frank, and if we apply the rule relative to a devise of real estate when coupled with a general bequest of personal property, the absolute title to the real estate also vested in him. If item 2 be considered alone, or if items 4 and 5 be considered in connection therewith, it would be clear that the fee to the real estate vested in Frank. And it is thoroughly settled that a devise in fee clearly and distinctly made, or necessarily implied, cannot be cut down or modified by subsequent provisions, not as clearly and distinctly manifesting the testator's intentions to limit the devise. *Mulvane* v. *Rude* (1896), 146 Ind. 476, 45 N. E. 659.

Appellants contend that the words "except that portion that will be otherwise provided for" refer to the

2. real estate as well as to the money. We do not believe that this contention can prevail. The grammatical construction of the sentence forbids it. The use of the word "portion" forbids it. The use of this word indicates that the testator had in mind giving a part of the whole of something to some one other than Frank. This she did when by items 4 and 5 she gave a part or portion of her money to the daughter and grandson. She separated the whole of her money into parts, giving certain parts or portions to three persons. But she did not by her will separate the whole of her real estate into parts, devising one part to Frank and another part to appellant Lula. We hold that the devise of the real estate in item 2 was not affected by the exception following the bequest of the money.

In item 6 the testator expressed a wish and desire that Frank keep the property in good repair, keep it insured and rent it, and that at his death she wanted it to go to one of the appellants. Would a failure on the part of Frank to keep the property in good repair or to keep it insured, or if instead of renting it he had chosen to live in it himself, have affected his title in any manner? These are mere precatory expressions or recommendations.

Appellant contends that by item 6 of the will the testator, in language as clear and as distinct as that used in item 2, cut down the estate devised to Frank to a life estate, and gave the remainder to her niece Lulu Greiner. We have examined the authorities cited, but cannot agree with this contention, but we do not deem it necessary or desirable to extend this opinion by discussing them.

Judgment affirmed.