NICHOLS, EXECUTRIX, ET AL. *v.* ALEXANDER ET AL.

[No. 12,518. Filed July 2, 1926. Rehearing denied November 16, 1926. Transfer denied December 20, 1929.]

*R. P. Bundy*, for appellants.
*Ira M. Sharp*, for appellees.

REMY, J.—Suit to construe a will. The sole question for consideration by this court is the construction to be placed on the following provisions of the last will of John S. Nichols:

> "Item 2. I give, devise and bequeath, without any condition whatever, unto my wife Frances M. Nichols, all of the remainder of my property, real, personal and mixed, of every description, wherever situated, absolutely, to have, hold and enjoy and dispose of as she sees fit during her lifetime.
>
> "Item 3. At the death of my wife, Frances M. Nichols, I desire that the residue, if any, be converted into cash and divided as follows: . . . ."

Trial resulted in a decree that, by the terms of the will, the testator "devised and bequeathed" to Frances M. Nichols "a life estate in all of the real and personal estate" of which the testator died seized and possessed, "with the power to sell and dispose of any part of the same necessary for her support and maintenance, during her lifetime," and that the remainder "left after the death of said Frances M. Nichols, and not disposed of by her during her lifetime for her necessary support and maintenance, is, under the terms of said will, devised and bequeathed to the legatees named in Item 3, in the proportions as set forth therein." From the decree, this appeal is prosecuted.

It is contended by appellants that the will vests in the

beneficiary named in Item 2 an absolute title in both the real and personal property, and not a life estate as held by the court. It is to be observed that, in the same item of his will, and by the use of the same words, the testator disposed of both his real estate and personal property, giving all to his wife with full power of disposition. It is well settled in this state that a bequest of personal property with full power of disposition creates an absolute estate in the legatee. *VanGorder* v. *Smith* (1885), 99 Ind. 404. It follows that the will created in the legatee named in Item 2 an absolute estate in the personal property of which the testator died possessed, and not a life estate therein as held by the trial court.

Another established rule of construction is that, whenever a will purports to dispose of real estate and personal property in the same words and in the same connection, and it is manifest that the testator intended both to go together, the will must be so construed. *Mulvane* v. *Rude, Exr.* (1896), 146 Ind. 476, 45 N. E. 659; *Ross* v. *Ross* (1893), 135 Ind. 367, 370, 35 N. E. 9.

In a standard text book on the law of wills, the author states the law to be: "The fact that real estate is included in the same clause with an absolute estate in personal property indicates an intention to devise a fee in the real estate." 2 Schooler, Wills 1189. See, also, *Hempstead, Exrx.*, v. *Hempstead* (1918), 285 Ill. 448, 120 N. E. 782; *Webbe* v. *Webbe* (1908), 234 Ill. 442, 84 N. E. 1054, 17 L. R. A. (N. S.) 1079. See, also, *Reeder* v. *Antrim* (1915), 64 Ind. App. 83, 98, 110 N. E. 568, 112 N. E. 551; *Greiner* v. *Heins* (1921), 75 Ind. App. 482, 131 N. E. 20; *Gibson* v. *Brown* (1915), 62 Ind. App. 460, 110 N. E. 716, 112 N. E. 894.

It is argued by appellants that the devise of the real estate, being "without any condition whatever" and

"absolutely," it must be construed as creating an estate in fee. On the other hand, it is the contention of appellees that the words "during her lifetime," as used in Item 2, taken in connection with the provision of Item 3 relating to the distribution of the estate after the death of testator's wife, are sufficient to require the construction that the estate in the real property is for the lifetime of the devisee. In that view, we cannot concur. We call attention to the fact that the phrase "during her lifetime" is not set off by a comma; also to the fact that the conjunction "and," which is omitted after the word "have," is inserted between the words "hold" and "enjoy," as it also is between the words "enjoy" and "dispose"; thus indicating that the phrase "during her lifetime" was intended to modify only the word "dispose," the last of the three verbs. In Item 3, the words "I desire that the residue, if any, be converted into cash and divided as follows," do not purport to be a testamentary disposition of the property; they are, as used in the will, mere precatory words.

It must be conceded that the meaning of the provision of the will disposing of the real estate, if considered alone, is not free from doubt, yet, when considered in connection with the bequest of personalty, as, under the rules above stated, it must be, we are constrained to hold that the testator by his will intended to, and did, create in Frances M. Nichols an unconditional fee-simple title of the real estate of which he died seized.

Reversed.

Thompson, J., dissents.