# LEVI Z. LEITER

*v.*

# ROBERT D. SHEPPARD.

1. WILL—*of the estate devised—whether for life or in fee.* Where a testator, after making several specific bequests, devised all the residue of his estate, real and personal, which he divided into three parts, the first of which was to his widow in fee, the second to A, the wife of a friend, " to be held by her in her own right, then to her children, heirs and assigns forever," and the other third as follows: "To B, one-fourth part thereof," " to C, and to her children, heirs and assigns after her, one-fourth part thereof," " to D, and her children, heirs and assigns after her, one-fourth part thereof," and "to D, and to her children, heirs and assigns after her, one-fourth part thereof of the said last third part:" *Held,* that the several devisees A, C and D, each took an estate in fee simple, and not merely a life estate with remainder to their children, and that B also took an estate in fee.

2. Under our statute every devise of lands is deemed a fee simple estate of inheritance, if a less estate is not limited by express words, or it does not appear otherwise by construction or operation of law. The latter does not follow from the use of different words in the different devises. The words "and to her children, heirs and assigns after her," do not show that a less estate than one in fee was devised by operation of law. The words "children, heirs," are used as expressing the same thing, and as taking through the mother by inheritance, and not under the will.

3. SAME—*construction as to estate devised.* It is the disposition of courts to adopt such a construction of wills as will give an estate of inheritance to the first donee. If personal property is embraced in a residuary devise of lands, it is a circumstance indicating that the devise is an absolute one in fee.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

Mr. JOHN BORDEN, for the appellant.

Messrs. DENT & BLACK, for the appellee.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

The appellee, Sheppard, filed a bill for the specific performance of a contract for the purchase, by the appellant, Leiter, of the east two-thirds of lot 7, in block 54, in the original town of Chicago, situate on East Madison street, in said city, at the price of $90,000. The circuit court granted the prayer of the bill, and the defendant, Leiter, appealed.

The west half of the premises, or middle third of original lot 7, belonged to one Sandford Johnson in his lifetime. He died on or about April 10, 1873, leaving a will, and this portion owned by him passed to his devisees under the fifth or residuary clause of the will. Appellee became seized of all such estate as could be conveyed by the several mentioned persons who were named as immediate devisees. And the only question raised is, whether these named persons took life estates, only, under the will, or took a fee simple in their respective shares of the property devised. Unless they took the latter, appellee could not convey to appellant the good title contracted for.

The fifth or residuary clause of the will follows a specific devise and bequest to Martha L. Johnson, the widow of the testator, and a specific devise of other property to Mercy Dye, and also a specific devise to Julia A. Blackford, during coverture, etc., and directs that the rest, residue and remainder of the estate, both real and personal, be divided into three equal parts, one of which parts was to go to said Martha L. Johnson, "to be held and enjoyed by her and her heirs and assigns forever," (as to this interest no question is made,) and the two other parts were to go to the persons in respect to whose interests the question under consideration is made, the words of the devise being as follows:

"Another of said three parts I give, devise and bequeath

unto her who was Jane S. White, now the wife of my friend Jno. W. Smith, of the city of Chicago, in the county of Cook, and State of Illinois, to be held by her in her own right, then to her children, heirs and assigns, forever.

"And the other of said three parts I give, devise and bequeath, as follows: To Susan Dickinson, of Chicago, Cook county, Illinois, one-fourth part thereof; to Mrs. Olive Munger, of the city of Ottawa, in the State of Illinois, and to her children, heirs and assigns after her, one-fourth part thereof; to Mrs. Margaret Fairfield, widow of M. F. Fairfield, deceased, of Minneapolis, Minnesota, and to her children, heirs and assigns after her, one-fourth part thereof. (The last three named devisees are surviving sisters of my first wife, who was, before marriage to me, Caroline Dickinson, now deceased.)

"And to Mrs. Mercy Dye, the wife of John R. Dye, of Hancock county, Ohio, and to her children, heirs and assigns after her, I give, devise and bequeath one-fourth part thereof of the said last third part."

It is contended on the part of the appellee, that Mrs. Smith, Mrs. Munger, Mrs. Dye, and Mrs. Fairfield, each took only a life estate, with a vested remainder in fee to the children. It is said that the words employed in the devise to Martha L. Johnson, show that the testator knew how to give a fee in strict technical language. That he next gives one-third to Jane S. Smith, to be held by her in her own right, *then* to her children, heirs and assigns forever; that this change of language after the devise to his wife, indicates a change of intention; and that the words "heirs and assigns," in this clause of the will, mean the heirs and assigns of the children, and not of the mother; that any other construction would render null the word "children," and also the word "then," in the devise to Mrs. Smith, and the words "after her," in the devises to Mrs. Munger, Dye and Fairfield.

There is a degree of plausibility in the claim thus asserted. But it is an unsafe construction, which depends upon mere change of phraseology in respect of different devises, as de-

noting difference of intention, or which is based upon the assumption of a will being framed upon the plan of the use of entire accuracy of expression, and the employment of no redundant words.

Reference is to be made here to the provision of our statute, (Rev. Stat. 1845, p. 105; Rev. Stat. 1874, p. 275,) which is as follows:

"Every estate in lands which shall be granted, conveyed or devised, although other words heretofore necessary to transfer an estate of inheritance be not added, shall be deemed a fee simple estate of inheritance, if a less estate be not limited by express words, or do not appear to have been granted, conveyed or devised by construction or operation of law."

A less estate than a fee simple is not in this case limited by express words. Does such less estate appear to have been devised by construction or operation of law? As it is named that the part devised to Martha L. Johnson, "is to be held and enjoyed by her and her heirs and assigns forever," and the devise to Susan Dickinson is to her simply, without adding any words of inheritance, it is urged that from the mere fact of this change of language, there appears here, by construction of law, to have been only a life estate devised to Susan Dickinson. We can not admit this. All that appears from such mere difference of phraseology is, that in the case of Mrs. Johnson, there was a use of superfluous language, and that Susan Dickinson, under the statute, took a fee.

In the case of the other devisees, does the addition to the devise to Mrs. Smith, of the words, " to be held by her in her own right, then to her children, heirs and assigns forever," and to the several devises to Mrs. Munger, Mrs. Fairfield and Mrs. Dye, of the words, "and to her children, heirs and assigns after her," show that a less estate than one in fee was devised to them by construction or operation of law?

The testimony and stipulation as to the facts show that in the instances in which the devisees and legatees had no children, the word " children " was not used by the testator in his will, but that as to the four persons in regard to whose

interests we are now inquiring, to-wit: Mrs. Smith, Mrs. Munger, Mrs. Fairfield and Mrs. Dye, each of them having children, the testator made allusion to them in his will, except that in the specific devise to Mrs. Dye in the fore part of the will, of a certain tract of land, the devise is to her, "and her heirs and assigns," not mentioning children. But in making gifts to the widow, Martha L. Johnson and Susan Dickinson, the testator said nothing about children, neither of them having children.

This allusion to children would not seem to have been intended to cut down the estate of the first taker, and might be regarded as to show that the testator was thoughtful as to who were near to the devisees, but yet that he gave the property to those devisees as the immediate objects of his bounty, with the expectation that whatever of his estate should go to the children would pass from and through the mothers.

That part of the residuary clause which provides for the shares of Miss Dickinson, Mrs. Munger and Mrs. Fairfield, should all of it be noticed, in determining what estate was intended to be given to the two latter. Having named those three persons as devisees and legatees of one-twelfth each of his residuary estate, the testator inserted the words in parenthesis, ("the last three named devisees are surviving sisters of my first wife, who was, before marriage to me, Caroline Dickinson, now deceased.") It would not appear that the testator intended to put these three persons on any different footing in regard to the property which he gave them, but his language, taken altogether, naming them as standing in the same relation, would tend to show that he intended to place them on an equal footing.

In the spirit of the statute provision above cited, and as a matter of public policy, such a construction as will not tie up the property is to be favored.

It is the disposition of courts to adopt such a construction as will give an estate of inheritance to the first donee. 1 Redfield on Wills, 421–2 (3d Ed.); *Shearman* v. *Wooster*, 26 Iowa, 272.

The fact that personal estate was comprehended in this residuary clause, and was expected by the testator to go with the shares of real estate in question, to the legatees named, is an indication that an absolute estate was intended to be given them. Hawkins on Wills, 131, in the note of the American editor, where authorities upon this point are cited.

While the testator used the word " children " in connection with each of the names of Mrs. Smith, Mrs. Munger, Mrs. Fairfield and Mrs. Dye, he used the words "heirs and assigns " in each case, immediately after the word children. They seem to be words which apply to the immediate devisees. That appears to be the grammatical and natural application.

We consider the word " children," as used in this will, is not used as a word of purchase; that, followed as it is by the words " heirs and assigns," the reading should be in the several cases as, to the devisee named, and to her children, *her* " heirs and assigns," and not *their* " heirs and assigns;" that the words children and heirs were used by the testator synonymously.

The estate here given to the devisees is not limited, and no reason for cutting it down below a fee simple estate in the lands, or an absolute title as to the personal property, is manifest. We are of opinion that upon a fair construction of the will, it should be held that it gave to the several immediate devisees named in the residuary clause, an estate in fee, and that the conveyances questioned passed a good title to the appellee.

The decree is affirmed.

*Decree affirmed.*

Mr. JUSTICE BREESE does not concur in all the views presented in this opinion.