Edward C. Giles *et al.*

*v.*

Mary Anslow *et al.*

*Filed at Springfield April 5, 1889.*

1. Wills—*quantity of estate devised—whether a fee, or less than a fee.* It is provided by statute, that every grant, conveyance or devise shall be deemed a fee simple estate of inheritance, though lacking the use of words necessary, at the common law, to create such an estate, if a less estate be not limited by express words, or does not appear to have been granted, conveyed or devised by construction or operation of law.

2. A simple devise of land, without any words of perpetuity or inheritance, under the statute, is sufficient to pass an absolute estate in fee, unless a contrary intent is shown in other parts of the will. The intention of the testator, which controls, is to be ascertained from the whole will. If a less estate than a fee is intended, it is wholly immaterial in what part of the will such intention is manifested.

3. It is the disposition of the courts to adopt such a construction as will give an estate of inheritance to the first donee. When, therefore, the fee is devised by a clause or clauses of a will, and other portions or clauses are relied on as limiting or qualifying the estate thus given, they should be such as to show a clear intention on the part of the testator to thus limit or qualify the estate granted. Such an intent should clearly and unequivocally appear.

4. SAME—*devise over upon condition—as, the settlement of the estate before the death of the first taker—as determining where the fee shall go.* A testator devised all his estate, real and personal, to his wife, subject to the payment of his just debts, and appointed her his sole executor. The will further provided, that in case of the death of his wife before the settlement of his estate, all the testator's property should be equally divided between his two nephews : *Held,* that the settlement referred to, which would operate to defeat the devise to the wife, was a settlement or adjustment of the estate in the due course of administration in the county court, and that such settlement in her lifetime was a condition upon which the devise to her depended.

5. Until such settlement of the estate, which included the payment of the debts, the amount devised was uncertain, as it might become necessary to sell land, or some part thereof, to pay the claims against the estate; but when the administration was completed and closed, her rights became fixed and determined. If made during her life, she took the remaining estate absolutely ; if not, it went to the nephews.

6. In this case, a final settlement of the estate was made in the lifetime of the first donee, and so it was *held,* that the clause devising the estate to the nephews in the event of the death of the widow before the settlement of the estate, did not in any manner affect the devise to the widow, and that she having performed the condition annexed to her right, her estate ceased to be conditioned, and that the condition on which the nephews were to take, failed.

7. SAME—*whether a trust rests upon the subject of a devise.* A trust may be impressed upon the subject of a devise, but an intent to create the trust must clearly appear. If the intention of the testator be doubtful, precatory words will not be construed into a declaration of a trust.

8. Mere expressions of a desire that the donee will be kind to, remember, consider, deal justly by, educate and provide for, or to do justice to a certain class of persons, will raise no trust.

9. In the absence of words showing a contrary intent, a gift, whether of land or personal property, will be presumed to be absolute, and before it will be held to be in trust, it must be clear that the testator intended the property bequeathed, or some part of it, to be applied by the donee for the purpose of the trust,—and this is to be determined from a consideration of the entire will, and the circumstances and con-

dition of the estate devised. So the fact that personal property was included in the devise to a wife, and was expected by the testator to go with the real estate to her, may be considered as indicative of an intent to give her an absolute estate in the land.

10. No trust will be implied from precatory words, where the donee may, at his discretion, apply the property to other purposes, or where there is an express direction that the donee's absolute interest is not to be curtailed, or when the precatory words are not stated to be obligatory, or when the donee is to take free and unfettered.

11. Where the words of a gift expressly point to an absolute enjoyment by the donee himself, the natural construction of subsequent precatory words is, that they express the testator's belief or wish without imposing a trust.

12. By the first clause in a will a testator made an absolute devise of all his estate to his widow, upon the sole condition that she should settle up his estate. By the following clause the estate was devised to his nephews in case his widow should die before the settlement of the estate, after which are these words: "I have full confidence in my beloved wife, Mary, that she will do what is best and proper with my effects, and that she would do with my property the same as I would wish to have done—that she will take care of the proceeds. She is, by this gift, free from all restraint, to do as may seem to her best and proper:" *Held,* that the will created no trust on the subject of the devise in favor of the testator's nephews, or for any one else, and that the wife took an absolute estate in fee upon the settlement of the estate in her lifetime.

Writ of Error to the Circuit Court of Tazewell county; the Hon. Ninian M. Laws, Judge, presiding.

Mr. B. S. Prettyman, for the plaintiffs in error:

Nothing can be admitted, but everything must be proved against infants, and the record must show the evidence to sustain the decree. *Hitt* v. *Ormsbee,* 12 Ill. 166; *Rhoads* v. *Rhoads,* 43 id. 240; *Barnes* v. *Hazleton,* 50 id. 430; *Quigley* v. *Roberts,* 44 id. 503; *Gooch* v. *Green,* 102 id. 513.

There is no direct averment in the bill that Mary Anslow was, when she filed the bill, entitled to the fee of the premises, and no direct averment of the fact of the settlement of the estate. General references in the bill to exhibits or records are not proofs, and can not sustain the decree. *White* v. *Morrison,* 11 Ill. 361.

The will set forth in the record shows an intention that the wife should have the use of the testator's property while she lived, unrestrained, to do with it as she thought best, and should make a settlement of it in remainder on his two nephews, but in the event that she died before making a settlement of the estate, then that his estate should be equally divided between the nephews. The word "settlement" was doubtless used in the English sense of the term, as a provision made for, or a remainder preserved, settled on or for the use of his nephews.

His desire that his estate should be so settled upon them is expressed to her in the will. His confidence that she would do what was best with his effects, and take care of the proceeds of it, is indicative of the trust. The words "wish" and "will" are imperative, and create a trust. *McKee's Admrs.* v. *Means,* 34 Ala. 349 ; *Dresser* v. *Dresser,* 46 Me. 48 ; Hill on Trustees, 11 ; *Harrison* v. *Grant,* 2 Gratt. 1.

Technical language is not necessary to create a trust. It is enough that the intention is apparent. Words merely precatory are sufficient. 1 Jarman on Wills, 385.

Mr. A. B. SAWYER, and Mr. WILLIAM DON MAUS, for the defendants in error:

The recital of evidence in a decree can not be questioned in the Appellate Court, any more than the statements in a bill of exceptions. *Moore* v. *School Trustees,* 19 Ill. 83 ; *Cooley* v. *Scarlett,* 38 id. 318.

If either party is dissatisfied with the finding of the court, he should preserve the evidence in a certificate. *Walker* v. *Carey,* 53 Ill. 470.

Where the facts are found by the court, and recited by it in the decree, the finding can not be reversed, unless all the evidence heard on the trial is preserved in the record, and thus brought before the court. Where the evidence is not all preserved, it will be presumed that the evidence heard and not preserved was sufficient to authorize the finding. *Allen* v.

*LeMoyne,* 102 Ill. 28; *Corbus* v. *Teed,* 69 id. 208; *Morgan* v. *Corlies,* 81 id. 75; *Rhoades* v. *Rhoades,* 88 id. 139; *Walker* v. *Abt,* 83 id. 231; *Hannas* v. *Hannas,* 110 id. 64; *Kelsey* v. *Starkey,* 11 Bradw. 87.

Our Statute of Conveyances provides, that "every estate in lands which shall be granted, conveyed or devised, although other words heretofore necessary to transfer an estate of inheritance be not added, shall be deemed a fee simple estate of inheritance, if a less estate be not limited by express words, or do not appear to have been granted, conveyed or devised by construction or operation of law." Rev. Stat. 1874, page 275, sec. 13.

In the absence of limiting or qualifying words, a fee is devised, unless a less estate appears to have been devised, by construction or operation of law. Surely, it will not be contended that a less estate than a fee was devised to Mary Anslow, by operation of law.

The settlement of the estate referred to in the will, had reference to the adjustment of the affairs of the estate in the county court, by the payment of the funeral expenses, debts, and expenses of administration and distribution of the residue. Rev. Stat. 1845, p. 56, sec. 123; Rev. Stat. 1874, chap. 3, sec. 112; *Frame* v. *Frame,* 16 Ill. 155; *Calkins* v. *Estate of Smith,* 41 Mich. 409.

The primary consideration is the testator's intention. *Hamlin* v. *Express Co.* 107 Ill. 443; *Walker* v. *Pritchard,* 121 id. 231.

Illinois cases where wills have been construed as to whether a life estate or a fee was intended: *Boyd* v. *Strahan,* 36 Ill. 355; *Mulberry* v. *Mulberry,* 50 id. 67; *Bergan* v. *Cahill,* 55 id. 160; *Markillie* v. *Ragland,* 77 id. 98; *Johnson* v. *Johnson,* 98 id. 564; *Bland* v. *Bland,* 103 id. 11; *Hamlin* v. *Express Co.* 107 id. 443; *Walker* v. *Pritchard,* 121 id. 231; *Brownfield* v. *Wilson,* 78 id. 467.

Courts will construe wills so as to give an estate of inheritance to the first donee. 1 Redfield on Wills. (2d ed.) 446; *Leiter* v. *Sheppard*, 85 Ill. 242.

The plain and unambiguous words of a will must prevail, and are not to be controlled or qualified by any conjectural or doubtful construction, growing out of the situation, circumstances or condition of the testator, his property or family. 1 Redfield on Wills, (2d ed.) 429.

When personal property is given in the same clause with realty, it is an evidence that a fee was intended. *Leiter* v. *Sheppard*, 85 Ill. 242.

When debts are made a charge on the estate, the donee takes a fee. *King* v. *Ackerman*, 2 Black. 415; *Denn* v. *Molton*, 5 T. R. 562; 2 Washburn on Real Prop. 561, par. 25; *Friedman* v. *Steiner*, 107 Ill. 125; *West* v. *Fitz*, 109 id. 436; *Kaufman* v. *Breckenridge*, 117 id. 306; *Rountree* v. *Talbot*, 89 id. 246.

An absolute power of disposition annexed to a primary devise in fee, is deemed conclusive of the existence in the primary devisee of an absolute estate. A valid executory devise can not co-exist with a devise of a primary fee, accompanied with an absolute disposing power in the first taker, and an executory limitation, by will, of real or personal property, after a gift of an absolute estate, is void. 4 Kent's Com. 270; 2 Washburn on Real Prop. 669.

To create a trust by precatory words, it must clearly appear that a binding duty was intended to be imposed, and no discretion left in the trustee. 2 Redfield on Wills, 414, 415.

If the gift be absolute in the first instance, subsequent precatory words will not cut it down to a mere trust. *Bernard* v. *Minshall*, Johns. Ch. 287; *Bensear* v. *Kinnear*, 2 Giff. 195.

Expressions of request, however strong, will not create a trust, when the will contains an expression that the donee is nevertheless free to act in his own discretion. 2 Redfield on Wills, 418, pl. 12, note 28.

Mere words of desire, recommendation and confidence, create no trust. *Pennoch's Estate,* 20 Pa. St. 268; *Mills* v. *Newberry,* 112 Ill. 123.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This bill was filed for the purpose of obtaining a construction of the last will and testament of Richard Anslow, deceased. It may be premised that whatever estate was devised was subject to the payment of the testator's lawful debts.

The portion of the will involved in this construction, and necessary to an understanding of what will follow, is: "To my beloved wife, Mary Anslow, I do give and bequeath all of which I die possessed, both real and personal. My real estate, so far as now known, is described as follows:" (here follows a description of lands;) "and I do hereby appoint her (my beloved wife) my sole executor, who is to enter upon and discharge said duties, without giving of bond, and free from all restraint. It is further my will, that in case of the death of my wife, Mary, before the settlement of my estate, that my property, of which I die possessed, shall be equally divided between my two nephews, Edward Charles Giles and Richard A. Giles. I have full confidence in my beloved wife, Mary, that she will do what is best and proper with my effects, and that she would do with my property the same as I would wish to have done,—that she will take care of the proceeds. She is, by this gift, free from all restraint to do as may seem to her best and proper."

The settlement referred to, which should operate to defeat the devise to the wife, was a settlement or adjustment of the estate in due course of administration in the probate court. The clause, "that in case of the death of my wife, Mary, before the settlement of my estate," can refer to nothing other than the adjustment of the affairs of the estate, by which its debts are paid, its credits collected, and the residue distributed

13—128 ILL.

to the persons entitled to take the same under the will. (*Calkins, Exr.* v. *Smith et al.* 41 Mich. 409.) To enable the widow to thus settle the estate, she was made sole executrix, and was authorized to enter upon the discharge of her duties as executrix "free from all restraint." The settlement of the estate in her lifetime was a condition upon which the devise to her depended. Until such settlement it must remain uncertain what amount was devised. It might be necessary to make sale of the lands, or some part of them, to adjust claims against the estate. When, however, the administration was completed and closed, her rights became fixed and determined. If made during her lifetime, she took the estate absolutely. If not, it went to the nephews named. The bill alleges her appointment as executrix by the proper court, the due administration of the estate, final settlement, and discharge of the executrix by the court. The decree finds the allegations of the bill to be true. There being no bill of exceptions or certificate of evidence preserving the evidence heard by the trial court, and it appearing, by recitals in the decree, that the cause was heard upon "the proofs, oral and documentary, offered by the complainant on the hearing," it must be assumed that a final settlement of the estate had been made prior to the filing of the bill herein, and in the lifetime of Mary Anslow, widow of the testator.

The 13th section of the Conveyance act provides: "Every estate in land which shall be granted, conveyed or devised, although other words heretofore necessary to transfer an estate of inheritance be not added, shall be deemed a fee simple estate of inheritance, if a less estate be not limited by express words, or do not appear to have been granted, conveyed or devised by construction or operation of law." Under this statute, the first clause of the will before us is clearly sufficient to invest the widow with an absolute estate in fee, and we must hold that she took such an estate, unless the subsequent clauses of the will show a contrary intention. The intention of the tes-

tator, which must govern, is to be ascertained from the whole will. If it was intended that a less estate should be taken by the wife, it is wholly immaterial in what part of the will such intention is manifested. It is, however, the disposition of courts to adopt such a construction as will give an estate of inheritance to the first donee. *Leiter* v. *Sheppard*, 85 Ill. 243; *Sherman* v. *Wooster*, 26 Iowa, 277; 1 Redfield on Wills, (3d ed.) 421, 422. When, therefore, the fee is devised by a clause or clauses of a will, and other portions or clauses are relied on as limiting or qualifying the estate thus given, they should be such as show a clear intention on the part of the testator to thus limit or qualify the estate granted. Such an intent should clearly and unequivocally appear. See *Walker* v. *Pritchard*, 121 Ill. 221; *Jones* v. *Jones*, 124 id. 254.

The clause of the will devising the estate to the two nephews of the testator, in the event of the death of the widow before the settlement of the estate, can not be held in any manner to affect the devise to the widow. The devise to the nephews was contingent, depending on the happening of an event, which, by the settlement of the estate during the lifetime of the widow, became impossible. Upon final settlement of the estate in the county court, the devise to the widow ceased to be conditional, and the condition on which the nephews were to take, failed.

The clause of the will following the provision for the disposition of the estate upon the death of the widow before the settlement of the estate, is relied on as limiting the estate of the wife to her life, and as creating a trust in the lands devised in favor of the nephews. There can be no doubt that a trust may be thus impressed upon the subject of the devise, but an intent to create the trust must clearly appear. If the intention of the testator be doubtful, precatory words will not be construed into a declaration of a trust. (Theobald on the Law of Wills, 379.) It is there said: "Therefore, mere expressions of a desire that the donee will be kind to, (*Buggins* v. *Yates*, 9 Mod. 122, 8 Vin. Ab. pl. 27,) remember, (*Bardswell*

v. *Bardswell,* 9 Sim. 319,) consider, *(Sale* v. *Moore,* 1 Sim. 534,) deal justly by, *(Pope* v. *Pope,* 10 Sim. 1,) educate and provide for, *(Macnab* v. *Whitbread,* 17 B. 299, *Winch* v. *Brutton,* 14 Sim. 379, *Fox* v. *Fox,* 27 B. 301,) or do justice to, *(Ellis* v. *Ellis,* 23 W. R. 382,) a certain class of persons, will raise no trust."

In the absence of words showing a contrary intent, a gift, whether of land or personal property, will be presumed to be absolute, and before it will be held to be in trust, it must be clear that the testator intended the property bequeathed, or some part of it, to be applied by the donee for the purpose of the trust; and this is to be determined, as before stated, from a consideration of the entire will, and the circumstances and condition of the estate devised. So the fact that personal property was included in the devise to the wife, and was expected by the testator to go with the real estate to her, may be considered as indicative of an intent to give her an absolute estate in the land. Hawkins on Wills, 131, and cases cited; *Leiter* v. *Sheppard, supra.*

The author already quoted from (page 381) states the doctrine in respect of the creation of trusts, as follows: "No trust will be implied from precatory words: (a) where the donee may, at his discretion, apply the property to other purposes; *(Le Froy* v. *Flood,* 4 Ir. Ch. 1; *Curtis* v. *Rippon,* 5 Mad. 434; *House* v. *House,* 23 W. R. 22; *Ex parte Payne,* 2 Y. & C. Ex. 636;) (b) or where there is an express direction that the donee's absolute interest is not to be curtailed; *(Huskinson* v. *Bridge,* 15 Jur. 738; *Eaton* v. *Watts,* 1 Eq. 151;) (c) where the precatory words are stated not to be obligatory; *(Young* v. *Martin,* 2 Y. & C. C. 582; *Shepherd* v. *Nottidge,* 2 J. & H. 766; *Cole* v. *Hawes,* 4 Ch. D. 238;) (d) or where the donee is to take free and unfettered. *Meredith* v. *Heneage,* 1 Sim. 542; *Hoy* v. *Master,* 6 id. 568; *White* v. *Briggs,* 15 id. 33."

In Jarman on Wills, (page 388,) it is thus stated: "And when the words of a gift expressly point to an absolute en-

joyment by the donee himself, the natural construction of subsequent precatory words is, that they express the testator's belief or wish, without imposing a trust. Thus, in *Meredith* v. *Heneage*, 1 Sim. 542, when the testator, after having given his real and personal estate in the fullest terms to his wife, declared that he had devised the whole of his real and personal estate to his wife, unfettered and unlimited, in full confidence, and with the firmest persuasion that in her future disposition and distribution thereof she would distinguish the heirs of his late father, by devising and bequeathing the whole of his said estate, together and entire, to such of his father's heirs as she might think best deserved her preference, it was held that the wife was absolutely entitled for her own benefit, Lord ELDON considering that the testator intended to impose a moral, but not a legal, obligation on his wife, for which he relied much (as did also Lord REDESDALE,) on the words, "unfettered and unlimited." See, also, 2 Story's Eq. Jur. sec. 1070.

The rule is stated in 2 Redfield on Wills, 418, as follows : "It seems clear, that when the expression of request or desire in the will is ever so strong, it will not be construed to create a trust for others, when the will contains an expression that the devisee is, nevertheless, to be free to act in his own discretion."

The clause relied on in this case as containing such precatory words as will create a trust, is as follows: "I have full faith and confidence in my beloved wife, Mary, that she will do what is best and proper with my effects, and.that she would do with my property the same as I would wish to have done, —that she will take care of the proceeds." For whose benefit did he expect her to manage the estate and take care of the proceeds of the property? Manifestly, for her own benefit, and to guard against improvidence and consequent destitution and want. There is not the slightest intimation that such care was to be exercised in the interest of any other beneficiary.

No provision is made in favor of the nephews or any other person, after the estate should have vested in the widow. The clause last quoted is immediately followed by the words : "She is, by this gift, free from all restraint to do as may seem to her best and proper." The testator had previously left her "free from all restraint" in the discharge of her duties as executrix of his will. She was to be free from all restraint in the settlement of the estate, and she was left free from all restraint to do with the subject of the "gift" as might, in her discretion, seem best and proper. No desire or even recommendation is expressed that she should make any disposition of any part of the proceeds of the estate to or for the nephews, or to any other person or use, or the expression of a desire that they should have a claim on her bounty or generosity. It is difficult to imagine that there is here any precatory words employed expressing a wish that the nephews should receive any portion of the estate of the testator after it became vested in the first devisee, or that they should become the objects of her bounty. "Where there is an absolute power of disposal, with the confidence expressed that the donee will dispose of the property according to the testator's wishes, where none are expressed, there is no trust." (Theobold on Law of Wills, 380, and cases cited.) There is no limitation expressly creating a life estate in the wife of the testator. Nor is there a limitation over for the benefit of the nephews, either express or that arises by implication from the language employed. (*Hamlin* v. *United States Express Co.* 107 Ill. 448.) By the first clause of the will, the absolute estate in the property is devised to the wife, and, apparently to prevent any mistake or misapprehension arising from the clause inserted in respect of the disposition of the estate upon her death before final settlement, she is, by the last clause, given absolute dominion and control over it. She is freed from all restraint in the use of the gift, or in doing with it as she should see proper. In other words, she was first given the property absolutely and

in fee, upon the happening of the event of a settlement of the estate during her life, and then, upon the contingency of its vesting in her, she is left "unlimited and unfettered" in the dominion, control and disposition of the estate. The case clearly falls within the rule announced by the authorities cited, and the principal devisee, the wife of the testator, upon the settlement of the estate, took absolutely the property remaining. We are not justified in creating a limitation upon the devise to the wife, by construction; nor, in our opinion, does any such limitation arise by implication from the language of the will.

We are of opinion that the circuit court decided correctly, and that its decree should be affirmed, which is accordingly done. *Decree affirmed.*