KATIE STRAWBRIDGE *et al.*

*v.*

JOHN STRAWBRIDGE *et al.*

*Opinion filed February 21, 1906.*

1. WILLS—*word "children" is primarily a word of purchase.* The word "children" is primarily a word of purchase, and is not to be construed as equivalent to "heirs" in the absence of other words or circumstances showing it to have been used in that sense.

2. SAME—*courts favor a construction giving an estate of inheritance to first taker.* In construing a will the courts favor such a construction as gives an estate of inheritance to the first taker, and one which disposes of the entire estate of the testator if that meaning can reasonably be given to it.

3. SAME—*will construed as passing a fee to testator's children.* A devise of all the rest, residue and remainder of the testator's estate after the death of his wife, the life tenant, to be divided equally between his children, naming them, "and to their children forever," passes a fee simple estate to the named children of the testator where there are no other words or circumstances showing a different intention.

4. SAME—*intention to limit prior devise of fee simple must be clear.* A devise of a fee simple estate will not be held to be qualified or limited by other portions of the will unless they show a clear intention to that effect on the part of the testator.

CARTWRIGHT, C. J., and RICKS, J., dissenting.

APPEAL from the Circuit Court of Tazewell county; the Hon. N. E. WORTHINGTON, Judge, presiding.

JOHN T. ELLIFF, for appellants.

JESSE BLACK, Jr., for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a bill in chancery filed by the children and legal heirs of Benjamin Strawbridge, deceased, for the purpose of having a construction placed upon the fourth clause of his last will and testament. The testator in his last will, in the first clause thereof, bequeathed all his personal property to his wife. In the second clause he devised his real estate to his wife during her natural life. By the third clause he bequeathed to his son Benjamin F. Strawbridge the sum of $200. The fourth clause is as follows:

"I give and devise all the rest, residue and remainder of my real estate, of every name and nature whatsoever, upon the decease of my wife, Sarah Strawbridge, to be divided equally between my children, to-wit: John B. Strawbridge, William R. Strawbridge, Benjamin F. Strawbridge, Harry Strawbridge, George B. McC. Strawbridge, Emma Mehan, Jesse Strawbridge and Parson Strawbridge, and to their children forever."

It appeared from the bill that John B. Strawbridge and Benjamin Franklin Strawbridge have not now, and have not had, any children. William Strawbridge has eight children; Emma Mehan has ten children; Jesse Strawbridge has two children; Harry S. Strawbridge has seven children, three of whom were born after the death of the testator; George Strawbridge has seven children, two of whom were born after the death of the testator; and Parson Strawbridge has one child. Sarah Strawbridge, the life tenant, died on or about March 1, 1902. It does not appear from the allegations of the bill whether the children, or either of them, that were born to Harry S. Strawbridge and George Strawbridge after the death of the testator were born before the death of

the life tenant. The bill alleges that the testator had no real estate at the time of making his will or at the time of his death other than the real estate involved in the fourth clause.

The whole contention is as to the effect of the last words of said fourth clause, "and to their children forever." The appellees' contention is that the eight children of the testator named in the said fourth clause of the will take title in fee simple, appellants' contention being that the eight children above named take only a life estate. The true construction of the will was presented to the trial court on demurrer, and a decree was rendered construing the will to devise estates in fee to the sons and daughters of the testator named in the fourth clause of the will. Appellants abided their demurrer and prayed an appeal to this court.

The term "children" is primarily a word of purchase, and is not to be construed as equivalent to "heirs" in the absence of other words or circumstances showing it to have been used in that sense, but where there are other words in the will showing that the word "children" was used in the sense of "heirs" the term will be construed as a word of limitation equivalent to "heirs." (5 Am. & Eng. Ency. of Law,—2d ed.—title "Children," 1092, 1093, and note 1 on the latter page.) The words "heirs," "issue" and "children," when found in wills, may be construed interchangeably when necessary to effectuate the intention of the testator. (*Butler* v. *Huestis,* 68 Ill. 594.) In *Leiter* v. *Sheppard,* 85 Ill. 242, we found that the testator had employed the words "children" and "heirs" synonymously, and we interpreted the will accordingly. The testator in the clause of the will under consideration expressly devised "all the rest, residue and remainder of my real estate, * * * upon the decease of my wife, Sarah Strawbridge, to be divided equally between my children, to-wit, (naming eight of his children,) and to their children forever." From this clause the meaning he intended to be given to the word "children," as used by the testator, must be determined.

By section 13 of chapter 30 of the Revised Statutes of Illinois words of inheritance are not necessary in this State to pass a fee, and it is therein provided that "every estate in lands which shall be granted, conveyed or devised * * * shall be deemed a fee simple estate of inheritance, if a less estate be not limited by express words, or do not appear to have been granted, conveyed or devised by construction or operation of law." The spirit of this statute and the disposition of the courts, as a matter of public policy, is to adopt such a construction as will give an estate of inheritance to the first donee. (*Leiter* v. *Sheppard,* 85 Ill. 242.) And when a fee simple is devised by a clause of a will, and other parts of the will are relied on as limiting and qualifying the estate given, they must show a clear intention on the part of the testator to so qualify or limit the estate, and unless such intention clearly and unequivocally appears the estate will not be limited. (*Giles* v. *Anslow,* 128 Ill. 187.) If the true intention of the testator as disclosed by this devise be held to create a life estate in his widow and a second life estate in each of his eight children named, with remainder over to their children, the construction so adopted would not be in entire harmony with the spirit of the statute or with the disposition of this court to favor the adoption of such construction as would vest the fee in the first donee.

The provision that the "rest, residue and remainder" of the real estate is "to be equally divided between my children, to-wit," (naming them,) must necessarily refer to the eight children named, and the words "their children" must refer, respectively, to the children of each of the eight children of the testator named. Benjamin F. Strawbridge, one of the eight children of the testator named, was a bachelor without children and living with the testator at the time the will was made and at the time of the testator's death, and John Strawbridge, another of the eight children named, never had any children. If the construction that the eight children each take an undivided one-eighth interest for life with remainder

in fee to their children, respectively, therein, be adopted, as neither Benjamin F. nor John B. had child or children when the will was made or when the testator died, it would seem that the probability that the shares devised to them would become intestate property would have occurred to the testator and have been provided against by him, as clearly he desired to control, by his will, the devolution of his property. He made a will, and it is to be presumed he intended to provide for the disposition of his entire estate, and it is our duty to adopt such a construction of the will as disposes of the entire estate if that meaning can reasonably be given to it. (*Craw* v. *Craw,* 210 Ill. 246.) If the meaning "their heirs" be given to the words "their children," the presumption that an entire disposal of the property of the estate was intended and the policy of the law that the fee should vest in the first taker will be given effect. If the words "their children" be given a literal and technical meaning, the well settled presumption that the testator intended to make an entire disposal of his estate would not be given full operation, for he knew when he made the will that neither of these two sons had children, and with that knowledge it is highly improbable he would have employed the word "children" in the sense of natural offspring.

We think that the intention of the testator, as gathered from a fair reading of the whole will, viewed in the light of the circumstances surrounding the testator at the time of making the will, was to use the word "children" not in the sense of offspring, but in that other sense or meaning not infrequently given the word, of heirs generally.

The decree of the circuit court declaring title in fee to the remainder passed to the eight children of the testator named in the fourth clause of the will was correct, and must therefore be affirmed.                     *Decree affirmed.*

CARTWRIGHT, C. J., and RICKS, J., dissenting.