(No. 12105.—Decree affirmed.)

MARY ELLEN ROBERTS *et al.* Defendants in Error, *vs.*
ELIZABETH DAZEY, Plaintiff in Error.

*Opinion filed June 20, 1918.*

1. DEEDS—*reservation defined.* A reservation is the creation, in behalf of the grantor, of some new right arising out of the thing granted.

2. SAME—*what provision in deed is not a reservation.* A provision in a deed to a grandchild by which the land conveyed is to "revert" to the named daughters of the grantor in case of the death of the grantee before reaching the age of twenty-one years is not a reservation.

3. SAME—*what provision in deed is a conditional limitation.* A provision in a deed to a grandchild that if the grantee dies before reaching the age of twenty-one years the land conveyed shall "revert" to the named daughters of the grantor is not void as authorizing a forfeiture for breach of a condition subsequent but is a conditional limitation.

WRIT OF ERROR to the Circuit Court of Shelby county; the Hon. J. C. McBRIDE, Judge, presiding.

284 — 16

WHITAKER, WARD & PUGH, for plaintiff in error.

A. J. STEIDLEY, and GEORGE B. RHOADS, for defendants in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is a bill filed by defendants in error in the circuit court of Shelby county for the partition of about twenty-two acres of land in that county. A demurrer filed by Elizabeth Dazey was overruled and a decree entered for the partition of the premises as prayed in the bill. This writ of error has been sued out to review the decree of the circuit court.

On July 5, 1894, Elizabeth Hendricks owned the land in question. She was a widow, then having an aged step-mother, Eliza Walters, and two living children, defendants in error, Mary Ellen Roberts and Martha Elizabeth Weger. Two other of her children had died prior to that time, one leaving a son, Homer Parris, and the other leaving a daughter, Belle Hoke. On the last mentioned date Elizabeth Hendricks made a set of deeds conveying to her two daughters and said two grandchildren each a tract of land. Each of these deeds, except the one to Homer Parris, contained a provision for the payment by the grantee of $10 per year to the step-mother, Eliza Walters, during Eliza's lifetime. Each deed to the grandchildren contained certain other conditions in case of the death of the grantee before reaching twenty-one. The deed to the grand-daughter, Belle Hoke, conveyed the twenty-two acres here in question. It was on a printed statutory short-form warranty blank, and recited that the grantor, Elizabeth Hendricks, in consideration of one dollar and natural love and affection "and the performance of the conditions named by the grantee," conveyed and warranted to Amanda Belle Hoke the real estate in question. It then continued as follows: "This deed to be valid only upon the condition named herein: First, that said

grantee shall pay or cause to be paid to Eliza Walters the sum of $10, to be paid annually on or before the 25th day of December during the natural life of said Eliza Walters, and failure to comply with any or all of the conditions of this deed shall render it null and void, and also if the said grantee herein die before attaining the age of twenty-one years the said land hereby conveyed shall revert to Mary Ellen Roberts and Martha Elizabeth Hendricks." Amanda Belle Hoke (called in the briefs Belle Hoke and so called in this opinion) died May 9, 1913. She was about four months old when the deed in question was executed and was less than twenty-one years old when she died. Her father died in 1905, and her only heir-at-law was her father's father, Wilfred Hoke. Wilfred Hoke deeded the premises in question to Elizabeth Dazey, plaintiff in error here. Counsel for plaintiff in error argue that the deed to Belle Hoke gave the title to her in fee simple and that upon her death it descended to her only heir, her grandfather, and by his deed it is now vested in plaintiff in error. Elizabeth Hendricks died in 1901. The step-mother, Eliza Walters, died a few days after the deeds were executed, and no contention is made by counsel that this deed became void on account of the failure to pay said annual payment to the step-mother.

One of the principal contentions of counsel for plaintiff in error appears to be that the provision in said deed whereby the land was to "revert" to the two daughters, defendants in error here, was a reservation and that a reservation made to a stranger to the deed is void, and as defendants in error were strangers to the deed the provision as to the title reverting to them is void. "A reservation is the creation, in behalf of the grantor, of some new right issuing out of the thing granted, usually an incorporeal hereditament,—something which did not exist as an independent right before the grant." (Tiedeman on Real Property,—3d ed.—sec. 608.) "It is created by and for the benefit of a grantor or his heirs and not for a stranger." (6 Am. &

Eng. Ency. of Law,—2d ed.—515; 3 Washburn on Real Property,—6th ed.—sec. 2363.) "Generally, it is declared that a reservation must be in favor of the grantor or party executing the conveyance and not to a stranger, but as there are some cases holding or intimating the contrary, a better statement of the rule is that a reservation in a deed to a stranger being by the weight of authority invalid as a reservation, the tendency of the courts is to effectuate the intention of the grantor by treating it as an exception." (8 R. C. L. 1091, 1092, and cases cited.) The provision in the deed in question which counsel for plaintiff in error call a reservation, cannot, strictly speaking, be said to be such, "for the reservation must be to the grantor or the one creating the estate, and must be of something arising out of the thing granted, as an easement or the like." (*Eckhart* v. *Irons*, 128 Ill. 568.) A deed containing similar provisions, using the word "revert" in said provisions, has been held valid in *Seymour* v. *Bowles*, 172 Ill. 521. The provisions in the deed here in question plainly intended to have the title to the land go to the grantor's daughters, defendants in error here, if her grand-daughter, Belle Hoke, did not attain the age of twenty-one years. The authorities cited by counsel for plaintiff in error in support of their argument that this is a reservation, such as *Illinois Central Railroad Co.* v. *Indiana and Illinois Central Railway Co.* 85 Ill. 211, and *Gould* v. *Howe*, 131 id. 490, we do not consider in point on the question here involved.

True it is, as argued by counsel for plaintiff in error, that in ascertaining the intention of the grantor such intention must be gathered from the language used in the deed and not from any unexpressed purpose which may at the time have existed in the grantor's mind. (*Butterfield* v. *Sawyer*, 187 Ill. 598.) Where there is no ambiguity in the terms used and the wording or language of the instrument has a settled meaning, the instrument itself is the sole criterion of the intention of the parties and its construction

cannot be explained by oral evidence. (*Wilson* v. *Wilson,* 268 Ill. 270; *Fowler* v. *Black,* 136 id. 363.) But we find no ambiguity in the words used in this deed as to the title reverting to defendants in error provided Belle Hoke died before attaining the age of twenty-one years.

Counsel for the plaintiff in error further argue that as courts of equity will not declare a forfeiture for violation of a condition subsequent granted in a deed, no forfeiture of the deed given to Belle Hoke will be enforced for the reason that she died before reaching the age of twenty-one years. The provision in question is in no legal sense a forfeiture, neither is it necessary for us to decide whether the "remainder," so called by counsel, after the deed of Belle Hoke, is vested or contingent. It is more in the nature of a conditional limitation than a remainder. Indeed, we think it should be held to be a conditional limitation under the authorities. (2 Washburn on Real Property,—6th ed.— sec. 1640; Reeves on Real Property,—Special Subjects— sec. 588; Tiedeman on Real Property,—3d ed.—sec. 211.) This is clearly a case "where the estate is wholly parted with by the grantor, no interest being left in him, and passes at once, upon the happening of the event, to him to whom it is limited. That contingent event, when it happens, is the limitation of the first estate granted, and the estate, instead of going back to the original grantor, goes over, *eo instanti,* and without any act but that of the law, to the party named in the very gift itself of the estate, as the one to take it in that event." (2 Washburn on Real Property,— 6th ed.—sec. 1640.) That is a conditional limitation as thus defined by Washburn.

We find no error in the record. The decree of the circuit court will be affirmed.

*Decree affirmed.*