(No. 12720.—Reversed and remanded.) ·

EDNA L. MEINS *et al.* Appellants, *vs.* LIZZIE MEINS *et al.*
Appellees.

*Opinion filed June 18, 1919.*

1. WILLS—*simple devise of land will convey fee unless contrary
intent is shown.* Under section 13·of the Conveyances act a simple
devise of land without any words of inheritance will convey an
absolute estate in fee, unless a clear intention to limit or qualify
the estate granted is shown in other parts of the will.

2. SAME—*any part of will may show intention to limit fee de-
vised.* While it is the disposition of courts to adopt such a con-
struction as will give an estate of inheritance to the first devisee,
if it is clearly shown by any other clause or part of the will that
the testator intended to· limit the fee granted in a particular clause
such intention must prevail.

3. SAME—*principal rule of construction is to ascertain and give
effect to intention of testator.* The intention of the testator, gath-
ered from the whole will and all its parts, must govern in the
construction of a will, and every clause and provision, if possible,
should have effect given to it according to such intention.

4. SAME—*later clause will modify former provision.* A later
clause of a will, when repugnant to a former provision, is to be
considered as intending to modify or abrogate the former.

5. SAME—*when devise of fee is limited by subsequent clause.*
Where a testator devises all his property, both real and personal,
to his wife, and in the next two clauses bequeaths $10,000 to his
daughter, to be paid out of the estate three years after his wife's
death, and after the payment of said sum devises the remainder
of the estate to his son, the two subsequent clauses clearly show
an intention to limit the estate of the wife to a life estate and to
give the fee to the son after the daughter is paid her legacy.

APPEAL from the Circuit Court of Whiteside county;
the Hon. EMERY C. GRAVES, Judge, presiding.

R. W. E. MITCHELL, and HENRY C. WARD, for appel-
lants.

CARL E. SHELDON, for appellees.

Mr. Justice Stone delivered the opinion of the court:

The only question involved in this case is the construction of the second, third and fourth clauses of the will of Meino Meins, deceased. The testator left an estate of 240 acres of land in Whiteside county, of the value of approximately $30,000, and $800 in cash.

The first clause of the will provides for the payment of debts. The other clauses are as follows:

"*Second*—After the payment of such funeral expenses and debts, I give, devise and bequeath to my wife, Lizzie Meins, all of my property, both real and personal, which I may die possessed of.

"*Third*—It is my wish, and I hereby direct, that three years after the death of my wife, Lizzie Meins, $10,000 of my said estate shall be given to my daughter, Annie Oltmans.

"*Fourth*—After my daughter, Annie Oltmans, has received her share of $10,000, the remainder of my estate I give, devise and bequeath to my son, Albert Meins.

"*Lastly*—I nominate and appoint my wife, Lizzie Meins, to be executrix of this my last will and testament."

The chancellor construed the will as vesting an estate in fee in the widow, Lizzie Meins, by the second clause of the will, and decreed accordingly. Albert Meins died, and his widow, Edna L. Meins, personally and as administratrix of his estate, together with her daughters, Mildred A. and Grace E., are appellants herein.

It is the contention of appellants that the second, third and fourth clauses of the will should be construed as one clause creating a life estate in the widow with remainder in fee to Albert Meins, now vested in Mildred A. and Grace E. Meins, his daughters, subject to the dower interest of Edna L. Meins, their mother, and charged with the payment of $10,000 to Annie Oltmans not later than three years after the death of Lizzie Meins, widow of the testator. On the other hand, the appellees contend that the

widow, Lizzie Meins, took a fee simple estate by the second clause of the will, unlimited by the third and fourth clauses thereof; that by reason of the passing of the fee simple title under the second clause, the third and fourth clauses of the will are mere precatory words and are therefore void.

The rule is that a simple devise of land without any words of inheritance is sufficient, under section 13 of the Conveyances act, to convey an absolute estate in fee unless a contrary intent is shown in other parts of the will. It is the disposition of courts to adopt such a construction as will give an estate of inheritance to the first devisee. Therefore, when the fee is devised by one clause of the will and other portions or clauses of the will are relied upon as limiting or qualifying the estate thus given, they should be such as show a clear intention on the part of the testator to thus qualify the estate granted. (*Giles* v. *Anslow,* 128 Ill. 187; *Jones* v. *Jones,* 124 id. 254; *Walker* v. *Pritchard,* 121 id. 221.) Where a testator by his will employed language sufficient to pass the fee simple title to land, in the absence of the expression of a clear intention to cut down the fee to a life estate an estate in fee simple will pass. (*Bowen* v. *John,* 201 Ill. 292.) If it is clearly shown by other clauses or parts of the will that the testator intended to limit the fee thus granted such intention will prevail, and it is wholly immaterial in what part of the will such intention is manifested. *Rose* v. *Hale,* 185 Ill. 378; *Giles* v. *Anslow, supra; Huffman* v. *Young,* 170 Ill. 290; *Whitcomb* v. *Rodman,* 156 id. 116; 2 Jarman on Wills, (5th Am. ed.) 53.

The principal rules of construction are: The intention of the testator, if not inconsistent with the established rules of law or public policy, must govern. This intention must be gathered from the whole will and all its parts taken together. Every clause and provision, if possible, should have effect given to it according to the intention of the maker.

288 — 30

(*Fifer* v. *Allen,* 228 Ill. 507; *Lander* v. *Lander,* 217 id. 289; *Hamlin* v. *United States Express Co.* 107 id. 443; *Henderson* v. *Blackburn,* 104 id. 227; *Bland* v. *Bland,* 193 id. 11; *City of Peoria* v. *Darst,* 101 id. 609; *Giles* v. *Anslow, supra; Boyd* v. *Strahan,* 36 Ill. 355.) A later clause of a will, when repugnant to a former provision, is to be considered as intending to modify or abrogate the former. *Harris* v. *Ferguy,* 207 Ill. 534; *Hamlin* v. *United States Express Co. supra.*

In the case of *Hamlin* v. *United States Express Co. supra,* the devise was to the wife for her own use, with full power to dispose of any of the estate, real or personal, and to convey the real estate by conveyance in fee simple. Elsewhere in the will it was provided that such of the testator's real estate as his wife had not sold during her lifetime should be sold after the death of the wife and divided in the manner therein specified. This court in that case said: "The wife is given everything, with full power to use, enjoy and dispose of the same and convey the real estate by absolute conveyance in fee simple. This, if unqualified, would, of course, vest a fee simple in the real estate, but being qualified, in order to give the language of the qualification any effect this language must be restricted to the life of the wife of the testator. * * * The latter part of the will is to be considered no less than the former part, and to the extent there is repugnance, the language of the former part is to be read as modified by that of the latter part."

In *Boyd* v. *Strahan, supra,* where the testator left property to his wife with the power of disposition but by later phraseology limited her estate, it was held that, as a general rule, where a will bequeaths personal property to be at the absolute disposition of the legatee, such legatee, in the absence of all clauses showing a contrary intent on the part of the testator, becomes the absolute owner; that the rule which controls in the interpretation of a will is that the intention of the testator to be gathered from the entire

will must govern. It was there said: "There is no other class of written instruments known to the law in which so little importance is to be attached to the technical sense of language in comparison with that sense in which the apparent object of the writer indicates his words to have been used. So far is this principle carried that the court say in 3 Wils. 141: 'Cases on wills may guide us to general rules of construction, but unless a case cited be in every respect directly in point and agree in every circumstance it will have little or no weight with the courts, who always look upon the intention of the testator as the polar star to direct them in the construction of wills.' " To the same effect is *Lander* v. *Lander, supra.*

This court said in *Fifer* v. *Allen, supra:* "The purpose of courts in construing a will is to ascertain the intention of the testator, so that such intention may be given effect if not prohibited by law. The object to be attained is to give the will the interpretation and meaning which the testator intended, and his intention will be carried out whenever it can be done without violating some established rule of law or public policy. (*Crerar* v. *Williams,* 145 Ill. 625; *Bradsby* v. *Wallace,* 202 id. 239; *Perry* v. *Bowman,* 151 id. 25.) To ascertain the intention of the testator the entire will is to be considered and the different parts compared in view of the circumstances existing when it was made, and the question is, what did the testator intend?—*Young* v. *Harkleroad,* 166 Ill. 318; *Johnson* v. *Askey,* 190 id. 58."

It is contended by appellees that the payment of $10,000 to Annie Oltmans is a condition precedent to the vesting of any estate in Albert Meins, and that as the law favors vesting of estates, this entire estate must be held to be vested in Lizzie Meins, the widow. In support of this contention appellees cite *Jacobs* v. *Ditz,* 260 Ill. 98. In that case the will specifically provided "that before he shall receive the farm" the son was to pay the testator's daughter a certain sum of money and a certain sum to the testator's step-son

and file receipts therefor with the county clerk. That was held to be a condition precedent to the vesting of the estate. The rule, however, as stated in that case is: "In doubtful cases the courts are inclined to construe an estate as vested in accordance with an accepted public policy, and in such cases will construe a legacy as a charge upon the land devised rather than a condition precedent to the vesting of the estate." In *Hempstead* v. *Hempstead,* 285 Ill. 448, the rule is laid down that where there is a large charge imposed by the will upon a devisee, or where a devise in a will is made subject to the payment of specific sums to the other beneficiaries, such fact, while not conclusive, is necessarily strong evidence of an intent of the testator to pass by his will a fee to such devisee, as the devise might otherwise not prove a beneficial interest. (Page on Wills, sec. 561; *Johnson* v. *Johnson,* 98 Ill. 564.) In *Bergan* v. *Cahill,* 55 Ill. 160, the testator devised a life estate to his wife and the remainder to his son, provided the son pay to the daughter $100 or an equivalent, and there were no words implying a precedent condition, and it was held that upon the testator's death the son took the fee, subject to the legacy. In *Daly* v. *Wilkie,* 111 Ill. 382, the devise was subject to the condition that the devisee should, within a term of seven years after the death of the testator, pay to the testator's daughter the sum of $500. The payment was postponed for seven years after the death of the testator, and it was held that the son took the fee charged with the payment of the legacy. In *Parsons* v. *Millar,* 189 Ill. 107, the devise was subject to the provision that the son should pay certain sums to the testator's daughters within two or three years after his death. The payments were postponed and held to be charges on the property. To the same effect is the case of *Spangler* v. *Newman,* 239 Ill. 616. The rule is that the postponement of the time of payment indicates that the payment was not a condition precedent to the vesting of the estate. *Jacobs* v. *Ditz, supra.*

Counsel for appellees cites the case of *Reed* v. *Welborn,* 253 Ill. 338, in support of his contention that the widow in this case took the fee. An examination of that case discloses that it is to be distinguished from the case at bar. The will devised the property in question to the widow and upon her death to the daughter, with the further provision that if the widow outlived the daughter and the daughter should die leaving no child or children, then at the death of the widow the property was to go to the nearest kin of the testator. The question there was whether or not the fee in remainder vested in the daughter upon the death of her father, the testator. It was there held, under the rule that the court will, if possible, construe a will so as to give an estate of inheritance to the first donee, that the fee vested in the daughter. That case, however, does not contravene the rule, well established in this State, that where other provisions of the will clearly show an intention on the part of the testator to limit a fee the will must be so construed. That rule is applicable here.

Reading the entire will, the second, third and fourth clauses of which all treat of the same subject matter, and applying the rules herein discussed, we are convinced that it was the intention of the testator that the widow, Lizzie Meins, should have a life estate in the property conveyed by the will and that the remainder should vest in fee in the son, Albert Meins, charged with the payment of the sum of $10,000 to Annie Oltmans. The subsequent provisions of the will, whether they be read as one clause or separately, clearly and unequivocally show the intention of the testator to limit the estate given to the widow by the second clause to a life estate. The third clause directs that $10,000 shall be given to the daughter, Annie Oltmans, which the testator in the fourth clause designates as her share of the estate. The fourth clause gives, devises and bequeaths the remainder of the testator's estate to his son, Albert Meins. These are not precatory words but positive directions. In

addition it may be said that the second clause of the will contains no words of inheritance, and under the well established rule such a devise passed but a life estate. Albert Meins being now deceased, the remainder in the property in question vests in fee in his daughters, Mildred A. and Grace E. Meins, subject to the dower interest of their mother, Edna L. Meins, and charged with the payment of $10,000 to Annie Oltmans not more than three years after the death of the testator's widow, Lizzie Meins.

The decree of the circuit court will be reversed and the cause remanded, with directions to enter a decree in accordance with the views herein expressed.

*Reversed and remanded, with directions.*

---

(No. 12418.—Appellate Court reversed; municipal court affirmed.)
Luigi Russo fu Agatino, Plaintiff in Error, *vs.* L. Ginocchio *et al.* Defendants in Error.

*Opinion filed June 18, 1919.*

1. Contracts—*when existence of contract is question of law.* Where there is no dispute concerning the essential facts involved in the making of an alleged agreement the question of the existence of a contract between the parties is one of law which the Supreme Court may review, though the Appellate Court finds, as a fact, that no contract existed.

2. Same—*minds of the parties must meet to make a contract.* A meeting of the minds of parties to a contract as to its terms and conditions is essential to the existence of the contract.

3. Same—*when contract for importation is complete.* Where the only misunderstanding of the parties to a contract for the importation of almonds is as to the time of delivery, the vendees interpreting the term "shipment September" to mean the first half of September, if the vendor, upon being notified of such interpretation by cable, answers "I confirm," the contract is completed, although the vendor afterward wrote his agent a letter, which was not communicated to the vendees, expressing dissatisfaction with the terms of shipment.