**KOVAL v. CARNAHAN et al.**
No. 198–D.

District Court, E. D. Illinois.
June 9, 1942.

Murray & Murray, of Centralia, Ill., for plaintiff.

Walter Davison, of Mattoon, Ill., Wm. M. Acton, of Danville, Ill., Harry J. Flanders, of Eldorado, Ill., and J. W. Karber, of Shawneetown, Ill., for defendants.

LINDLEY, District Judge.

The questions here presented are, (1), whether under the evidence plaintiff is entitled to the oil and gas under forty acres, and, (2), whether, if he is not the owner, defendant must pay him a rental royalty because it has a lease of the oil on that tract from him.

Only July 24, 1918, one Carnahan, being the owner in fee of the premises involved, conveyed to one Hobson by warranty deed, with this reservation: "The coal, oil and minerals under the above described real estate is hereby reserved with right to mine and remove the same." Thereafter Hobson conveyed to Neal, making the same reservation. Subsequently the land came to plaintiff through deeds containing no reservation. Plaintiff has occupied the surface and farmed it since April 5, 1930. Since the original conveyance by Carnahan, the land has been assessed for taxes, the surface against the owner of record and the mineral rights against Carnahan, the original grantor, who has never executed a conveyance of the minerals, but who did, on January 28, 1939, lease the premises to de-

358

fendant for exploration and production of oil and gas.

Plaintiff, previously, on December 10, 1938, executed a similar lease to defendant's assignor. Defendant, upon becoming acquainted with the foregoing facts, appealed to plaintiff to ratify his lease. Plaintiff replied that some question existed as to the title; that litigation might ensue and that he would not ratify the grant. Thereafter, defendant, claiming to act under Carnahan's lease, entered upon the premises and drilled an oil well which is now producing.

Under the decisions of Illinois and of the Circuit Court of Appeals for the Seventh Circuit, the contention of plaintiff that the reservation was ineffective must fall.

■ The fact that, in the subsequent deeds in the chain of title of plaintiff, there was no reservation, is immaterial, Renfro v. Hanon, 297 Ill. 353, 130 N.E. 740; nor did possession of the surface with payment of taxes only upon it, create in him any title by adverse possession, Logue v. Von Almen, 379 Ill. 208, 40 N.E.2d 73; Catlin Coal Co. v. Lloyd, 176 Ill. 275, 52 N.E. 144; Uphoff v. Trustees, 351 Ill. 146, 184 N.E. 213, 93 A.L.R. 1224; Chicago, Wilmington & Franklin Coal Co. v. Herr, D.C., 40 F.Supp. 311, affirmed 7 Cir., May 2, 1942, 127 F.2d 1010; Chicago, Wilmington & Franklin Coal Company v. Minier, 7 Cir., May 2, 1942, 127 F.2d 1006.

■ Plaintiff could own only that which he received, through his predecessors, from Carnahan, that is, the land, subject to reservation of the coal, oil and minerals. Vandenbark v. Busiek, 7 Cir., 126 F.2d 893. As between the two Carnahan reserved the right in fee to mine and remove the oil and gas and the right that nobody should partake thereof. Chicago, Wilmington & Franklin Coal Co. v. Herr, D.C., 40 F.Supp. 311. And, had the right to mine and remove not been expressly reserved, the law would imply the grant of the right to enter for the purpose of completing the enjoyment of that which had been reserved. Chicago, Wilmington & Franklin Coal Co. v. Herr, supra, affirmed May 2, 1942.

■ It is said, however, that the reservation is a nullity in that no words of inheritance were employed. A reservation is in its very nature a reconveyance to the grantor. Roberts v. Dazey, 284 Ill. 241, 119 N.E. 910; Du Bois v. Judy, 291 Ill. 340, 126 N.E. 104. Under the statutes of Illinois, no words of inheritance are necessary. Smith-Hurd Ill.Stat. Chap. 30, secs. 8 and 12; Bowen v. John, 201 Ill. 292, 66 N.E. 357; Lehndorf v. Cope, 122 Ill. 317, 13 N.E. 505. Technical rules previously applying to construction of deeds have been greatly modified by this section. Bear v. Millikin Trust Co., 336 Ill. 366, 168 N.E. 349, 73 A.L.R. 173. The Illinois Courts inform us that in ascertaining the grantor's intent they will adopt such a construction as will give an estate of inheritance. Giles v. Anslow, 128 Ill. 187, 21 N.E. 225; Meins v. Meins, 288 Ill. 463, 123 N.E. 554; Strawbridge v. Strawbridge, 220 Ill. 61, 77 N.E. 78, 4 L.R.A.,N.S., 948, 110 Am.St.Rep. 226; Leiter v. Sheppard, 85 Ill. 242, 243. Such a reservation was given full effect in Vandenbark v. Busiek, supra. Under the Illinois authorities Carnahan retained the oil and gas and the right to remove the same and by his lease to it defendant became the lessee of his rights.

■ It is said that inasmuch as defendant had taken a lease from Koval, irrespective of Carnahan's rights, defendant must pay to plaintiff a royalty. Unfortunately for this contention the lease contains a provision that if the lessor owns an interest less than the entire and undivided estate, the royalties shall be paid to the lessor only in the proportion which his interest bears to the undivided fee. Inasmuch as plaintiff had no title to any oil and gas under the particular tract, under the terms of his contract with defendant, the latter owes him no royalties. Plaintiff leased two forty-acre tracts to defendant —his title to one was good; that to the other bad. In the words of the Supreme Court of Illinois, Triger v. Carter Oil Co., 372 Ill. 182, 23 N.E.2d 55, 56, the "conveyance is void only as to the excess but is operative to pass the estate which the grantor has." Defendant insists that the Supreme Court of Illinois in Koelmel v. Kaelin, 374 Ill. 204, 29 N.E.2d 106, compelled a lessee to pay rental to a lessor who did not have title but there the agreement was a compromise and the partial interest clause above referred to physically deleted therefrom.

In view of my conclusion upon this branch of the case, it is unnecessary to discuss the alleged rights of defendant because of failure of warranty upon plaintiff's part.

It is not for me to make property rules for the State of Illinois; that is a function of the state government and when the legislature and the courts of that state speak, I must heed their voice, irrespective of my own views as to what the law should be. Accordingly, plaintiff's complaint will be dismissed for want of equity at his costs.

What I have said shall be included in my more formal findings of fact and conclusions of law adopted contemporaneously.